RONALD HICKS vs. COMMONWEALTH.

Suffolk.   October 1, 1962. — November 5, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Practice, Criminal,* Sentence, Appellate Division, Double jeopardy.

An increase of the sentence in a criminal case upon review by the Appel-
late Division of the Superior Court sought by the defendant under G. L.
c. 278, §§ 28A–28D, did not constitute double jeopardy.   [90–91]
A hearing afforded the defendant in a criminal case and his counsel on
review of the sentence by the Appellate Division of the Superior Court
under G. L. c. 278, §§ 28A–28D, was not shown to be invalid in that the
Appellate Division did not obtain from the trial judge a statement of his
reasons for imposing the sentence, or in that the Appellate Division did
not notify the defendant specifically that the sentence might be in-
creased, as it was, or in that the defendant was told at the hearing that
the Appellate Division "was not interested in the facts of the case" since
that statement meant only that the propriety of the conviction was not
under review.   [91–92]

PETITION filed in the Supreme Judicial Court for the
county of Suffolk on October 3, 1960.

The case was reported by *Spalding, J.*

*William P. Homans, Jr.,* for the petitioner.

*James W. Bailey,* Assistant Attorney General, for the
Commonwealth.

SPALDING, J.   This is a petition for a writ of error to
reverse judgments in four criminal cases.   The single jus-
tice reported the cases without decision for the determina-
tion of the full court upon the petition, the assignments of
error, the return, the answer (in nullo est erratum), and
stipulated facts.

On March 5, 1958, the petitioner, who was represented by
counsel, pleaded guilty in the Superior Court to four indict-
ments charging armed robbery.   On each indictment a sen-
tence of not more than twenty years and not less than fif-
teen years was imposed, the sentences to run concurrently.

The petitioner's counsel advised him as to his rights to have his sentences reviewed by the Appellate Division, as provided by G. L. c. 278, §§ 28A–28D, inserted by St. 1943, c. 558, § 1.   Leave to appeal having been granted, the petitioner duly appealed to the Appellate Division.   Thereafter, the petitioner, accompanied by counsel, appeared before that division.   One of the judges asked the petitioner "why . . . [he] thought his sentences were excessive." "The petitioner started to discuss the facts of the cases, but was told that the Appellate Division was not interested in the facts of the case[s] as charged but wanted to know why the sentences were considered to be excessive. The petitioner responded."   Following the petitioner's response, his counsel addressed the court.   At no time during the proceeding was any indication made to the petitioner or his counsel as to "what disposition would be made in the review of his sentence[s]"; nor "was it indicated that there was a question as to whether or not the sentences should be increased"; nor was the "petitioner or his counsel asked to state why the sentences should not be increased."   The Appellate Division did not have before it a statement by the sentencing judge of his reasons for imposing the sentences under review; nor did it ever request the sentencing judge to furnish such a statement.   See G. L. c. 278, § 28B.

The Appellate Division ordered concurrent sentences on the indictments of not less than twenty and not more than twenty-five years in substitution of the original sentences of not less than fifteen and not more than twenty years.

The petitioner argues that the increase of the sentences placed him in jeopardy for the second time in contravention of the Constitution of the United States and the Constitution of the Commonwealth.   We do not decide whether the common law protection against double jeopardy is included in art. 12 of the Declaration of Rights, as part of "the law of the land," or whether the Fourteenth Amendment to the Federal Constitution protects citizens against double jeopardy in State criminal proceedings, for we are of opinion that the substitute sentences did not place the petitioner in jeopardy twice.

There is no need to consider the common law limitations on revision of sentences by the trial judge once sentence has been imposed. For an exhaustive discussion of the subject see *District Attorney for the No. Dist.* v. *Superior Court,* 342 Mass. 119. The case at bar involves the power of the Legislature to grant to the Appellate Division continuing jurisdiction to revise a sentence on an appeal initiated by a defendant. See *Commonwealth* v. *O'Brien,* 175 Mass. 37; G. L. c. 278, §§ 28A–28D.

It has been held repeatedly by this court and by the Supreme Court of the United States that a defendant can be tried a second time for an offence when his prior conviction for that offence has been set aside on his appeal. *Commonwealth* v. *Wheeler,* 2 Mass. 172. *Commonwealth* v. *Lahy,* 8 Gray, 459, 461. *Commonwealth* v. *Gould,* 12 Gray, 171, 173. *Commonwealth* v. *Murphy,* 174 Mass. 369, 371, affd. sub. nom. *Murphy* v. *Massachusetts,* 177 U. S. 155, 158–159. *United States* v. *Ball,* 163 U. S. 662, 672. *Louisiana ex rel. Francis* v. *Resweber, Sheriff,* 329 U. S. 459, 462. See *Green* v. *United States,* 355 U. S. 184, 189. Had the petitioner been convicted and sentenced and if on his appeal the conviction had been reversed, a subsequent conviction followed by a longer sentence than the one initially imposed would not be objectionable. We are of opinion that when a convicted defendant resorts to the statutory procedure prescribed by §§ 28A–28D for review of a sentence he assumes the same risks inherent in an appeal from a conviction.

The petitioner contends that the hearing granted was not the kind of hearing contemplated by § 28B and, in addition, argues that the hearing violated the petitioner's constitutional rights. These arguments are without merit. The statute provides for a hearing only if the sentence is to be increased. Such hearing was held. The petitioner and counsel attended the hearing and addressed the Appellate Division, stating reasons why the sentence should be reduced. True, the division did not exercise its discretion to require the trial judge to transmit to it a statement of his reasons for imposing the sentence. But the statute pro-

vides that the Appellate Division "may require the production of any records, documents, exhibits, or other thing connected with the proceedings." There is nothing in the record to indicate that the power was not exercised. For aught that appears the court may have had sufficient data before it to make it unnecessary to call for a statement from the trial judge. We cannot say that there was an abuse of discretion in not requiring the statement.

The petitioner argues that he should have been informed that the Appellate Division contemplated the increase of his sentence and relies on the cases of *Young* v. *Tudor,* 323 Mass. 508, 513, and *Commissioner of Corps. & Taxn.* v. *Springfield,* 321 Mass. 31, 35–36. We agree that a person whose legal rights are to be affected by a hearing in which he has a right to be heard should have notice of the issues to be determined at the hearing. In the case at bar, since his sentence was increased, the petitioner had a statutory right to a hearing. But no specific notice of the issues to be decided at that hearing was necessary, for the only question that could be open before the Appellate Division was the appropriateness of the sentence imposed by the trial judge. A notice would have told the petitioner nothing that he did not already know. When he argued that his sentence should be reduced he was by necessary implication contending that the sentence should not be increased. The fact that the court told the petitioner that it was not "interested in the facts of the case[s]" did not impair the petitioner's rights. We construe this as meaning only that the question of the propriety of the convictions was not the subject of review. In so ruling there was no error, for the review authorized by the statute is limited to the sentence.

*Judgments affirmed.*