## CECIL HAROLD ROBINSON *v.* WARDEN, MARYLAND HOUSE OF CORRECTION

[No. 75, September Term, 1969.]

*Decided November 17, 1969.*

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Cecil Harold Robinson pro se.*

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for respondent.

ANDERSON, J., delivered the majority opinion of the Court. ORTH, J., concurs. Concurring opinion by ORTH, J., at page 113 *infra.* Memorandum opinion of lower court at page 116 *infra.*

This is an application for leave to appeal from an order of Judge Shirley B. Jones, presiding in the Criminal Court of Baltimore, passed June 3, 1969, denying relief sought under the Uniform Post Conviction Procedure Act. Applicant, Cecil Harold Robinson, was tried and convicted of robbery with a deadly weapon and assault with intent to murder, and on each indictment was sentenced to ten years, the sentences to run concurrently. Applicant's conviction and judgment were affirmed by this Court in *Robinson v. State,* an unreported opinion filed May 2, 1968. On July 26, 1967, applicant filed an application for review of sentence under Md. Code, Art. 26, §§ 132-8. The review panel met on June 27, 1968, and, over objection, refused to allow the withdrawal of applicant's petition for review and subsequently increased the sentence for assault with intent to murder from ten years to fifteen years and allowed the ten year sentence for robbery with a deadly weapon to stand. The sentences were to run concurrently and applicant was to be credited with time already served.

Applicant's petition raises two contentions: First, that the action of the review panel in increasing his sentence violated his constitutional rights. Second, that the refusal of the review panel to honor his request to withdraw his application for review of sentence constituted a denial of his constitutional rights. The application as to both contentions is hereby denied for the reasons stated in the able opinion of Judge Shirley B. Jones, published herewith.

Subsequent to Judge Jones' opinion, on June 23, 1969, the Supreme Court of the United States decided the case

of *North Carolina v. Pearce*, 89 S. Ct. 2072 (1969), which held that when a defendant is granted a new trial because of errors at his first trial, the sentence imposed at the new trial may not exceed that imposed at the first trial except in certain circumstances not pertinent here. We have held that *North Carolina v. Pearce, supra,* does not apply retroactively, see *Wayne v. State,* 8 Md. App. 5 (1969), and thus has no effect on this application. Moreover, *North Carolina v. Pearce, supra,* applies only to new trials.

Article 26, §§ 132-8 has not been held unconstitutional and all presumptions favor the constitutionality of a duly enacted statute. The statute will not be declared unconstitutional unless it plainly contravenes the federal or state constitutions. *Prevatte v. Director,* 5 Md. App. 406, 248 A. 2d 170. We find that the action taken by the review panel in applicant's case was authorized by the statute, and the applicant was, or should have been, aware of an increase in sentence. Thus the action being within the scope of the statute, and the statute being constitutional, the application must be denied.

*Application denied.*

ORTH, J., concurring:

I concur in the decision of the Court to deny the application of Cecil Harold Robinson for leave to appeal from the order denying post conviction relief. As to the allegation that the increase in his sentence by the review panel was unconstitutional, I think that the retroactivity *vel non* of *State of North Carolina v. Pearce,* 89 S. Ct. 2072, is not material; it is clear that *Pearce* in any event does not prohibit the imposition of the harsher sentence here.

The question presented and resolved in *Pearce* and *Warden v. Rice,* the case decided with it, was: "When at the behest of the defendant a criminal conviction has been set aside and a new trial ordered, to what extent does the Constitution limit the imposition of a harsher

sentence after conviction on retrial?" The Court considered the question as involving two issues: (1) must credit be given for punishment exacted and, (2) may a more severe sentence be imposed. But both of these issues were considered only within the frame of reference of the question presented — that is that a criminal conviction had been set aside, a new trial ordered, a conviction obtained on retrial and a more severe sentence imposed. In the instant case these factors antecedent to the imposition of the more severe sentence were not present; the applicant's conviction had not been set aside, a new trial had not been ordered and, of course, there was no conviction obtained on retrial. Further, here, the applicant, when a harsher sentence was imposed by the review panel, received credit for time served under the original sentence and there was compliance with *Pearce* in that respect even if *Pearce* were controlling.[1]

I see nothing in *Pearce* to compel that its ruling with respect to a harsher sentence be extended to circumstances beyond factual circumstances comparable to those under which it was decided. The Court found no absolute constitutional bar to the imposition of a more severe sentence on conviction after reversal and retrial. It did find, however, that the impact of due process made necessary that certain requirements be met to justify a harsher sentence. The reason for the imposition of these requirements was that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial; a defendant's right to appeal his conviction must be free and unfettered. I think it clear that the rationale is that a defendant who has been improperly *convicted*, whether by constitutional error or nonconstitutional error, and who has been given the right to attack the conviction, either on direct appeal or collaterally, must be free, even of the apprehension, that he

---

1. Md. Code, Art. 26, § 134 provides: "Time served on any sentence under review shall be deemed to have been served on the sentence substituted."

will be punished for attacking the conviction. For it would be a flagrant violation of due process for a defendant, given the right to attack his conviction, to be forced to stand *improperly convicted* by fear of additional punishment. This rationale loses its force when there is no question of an improper conviction.

No question of the validity of a conviction is involved in the right to review of sentence bestowed upon a defendant by Md. Code, Art. 26, §§ 132-138. None of the requisites prescribed by the statute for the right to seek review of sentence violate due process of law or any other constitutional right.[2] Nor is any constitutional right violated by the rights and powers given the review panel,[3] including such powers given to order an increased sentence. I note that any person having the right to file an application for review of sentence has the right to be represented by counsel, retained by him or appointed, and if a hearing is held shall have the right to appear in person. § 136. Md. Rule 762, implementing the statute, includes requirements that counsel be appointed for indigent defendants, § b1, that the review panel's decision be in writing, be filed in the record of the sentencing court and be noted on the docket in the case; a copy of the decision shall be furnished the defendant, his attorney and the prosecuting attorney. § c3 (c). If the sentence is changed, the defendant shall be brought before the panel and resentenced. § c3 (d).

I believe that the law providing for review of sentence is constitutional as enacted and implemented by rule. Since there is no absolute constitutional bar even on the imposition of a more severe sentence upon conviction on retrial after reversal of an original conviction, there is, by like reasoning, no absolute constitutional bar to the imposition of a more severe sentence on review of sentence. And I do not think that the impact of due process of law or the ruling in *Pearce* requires other safeguards

2. See Md. Code, Art. 26, § 132.
3. See Md. Code, Art. 26, § 134.

to a defendant on review of his sentence than those provided by the statute and the rule.

---

Memorandum Opinion of the Criminal Court of Baltimore (JONES, J.) :

Petitioner was convicted by Judge James A. Perrott in the Criminal Court of Baltimore, without a jury, of robbery with a deadly weapon, Indictment No. 5954/66, and assault with intent to murder, Indictment No. 5955/66, and on each was sentenced to ten years, to run concurrently. The conviction and judgment were affirmed by the Court of Special Appeals in *Robinson v. State,* an unreported opinion filed May 2, 1968. However, he had previously filed (on July 26, 1967) an application for review of sentence under Code, Art. 26, Sections 132-138, but the determination of the Sentence Review Panel was not made until June 27, 1968, shortly after the mandate of the Court of Special Appeals was handed down on June 2, 1968. The Order of the Review Panel, consisting of Judges O'Donnell, Harris and Perrott, was that the ten year sentence under Indictment No. 5954 remain unchanged, but the sentence under Indictment No. 5955 was modified by being increased to fifteen years, dating from December 3, 1966 and running concurrently with the ten year sentence under Indictment No. 5954.

It is from the action of the Review Panel that petitioner seeks post conviction relief, and under this, his first such petition, he was represented by privately retained counsel, Morris L. Kaplan, Esq., who was his trial counsel. The State was represented by E. Garrison Neal, Assistant State's Attorney. In his petition and at the hearing thereon, petitioner raised two contentions: (1) that the action of the Review Panel in increasing his sentence constituted cruel and unusual punishment and violated his constitutional rights; and (2) that the refusal of the Review Panel to honor his request to with-

draw his application for review of sentence constituted a denial of his constitutional rights.

Considering the contentions in inverse order, petitioner testified at the post conviction hearing that he never did receive notice of the hearing before the Review Panel which was conducted on June 27, 1968. He said that at the review hearing he filed a petition to withdraw his request for a sentence review and that he had intended to withdraw it for sometime, but was going to wait until he received notice of the hearing and then he was going to file his request for withdrawal. He said he did not know he was coming to court (for the hearing) until he was taken from his cell that same morning.

At the post conviction hearing Morris L. Kaplan, Esq., who was counsel for petitioner in the sentence review proceeding, testified that he did not receive formal notice of the hearing but learned on June 26, 1968 that it would be held the next day.

The State and petitioner's counsel in the present proceeding have filed with this court a stipulation that the records of Judge William J. O'Donnell (the chairman of the Sentence Review Panel) concerning the Application for Review of Sentence filed by petitioner on July 26, 1967 indicate that a copy of the memorandum to Judges Harris and Perrott from Judge O'Donnell advising them that the hearing on said application would be held on June 27, 1968 was mailed to petitioner at his place of detention on June 25, 1968.

The transcript of the hearing before the Review Panel shows that the request for withdrawal, filed at the beginning of the hearing, was vigorously argued by petitioner's counsel, who contended then, and still contends, that since notice of the hearing was not given to petitioner, he was not bound by Maryland Rule 762, which reads in part as follows:

"Rule 762. Review of Sentence.
"b. 5. Withdrawal of Application.
"A convicted person may withdraw his ap-

plication for review of a sentence at any time prior to receipt of notice of a hearing thereon, but not thereafter except by permission of the review panel. A withdrawal shall be in writing, signed by the convicted person, and shall be filed with the clerk of the sentencing court. An election to withdraw is final and shall terminate all rights of the convicted person to have the sentence reviewed under the Review of Criminal Sentences Act."

The fact is that the application for review was filed by petitioner on July 26, 1967 and he had ample time to withdraw his petition prior to the hearing which was eleven months later. The further fact is that he was sent notice of the hearing and the petition for withdrawal was presented at the hearing itself. It clearly was not timely filed under Rule 762 and the Review Panel was not in error in declining to accept it. As a matter of further fact, petitioner's statement at the post conviction hearing that he intended to wait until he received the hearing notice and *then* file his withdrawal is self-defeating, for this clearly would have been in violation of the Rule. Petitioner's second contention is without merit.

As to the contention that the increase in sentence from ten to fifteen years under Indictment No. 5955 constituted cruel and unusual punishment and violated petitioner's constitutional rights, the statute creating the review of sentence procedure, Art. 26, Sect. 134, clearly states that a sentence may be increased by the review panel. Similar legislation has been held constitutional. *Hicks v. Commonwealth,* 345 Mass. 89, 185 N.E.2d 739, cert. denied, 374 U. S. 839 (1963) ; *Konlfuss v. Warden of Connecticut State Prison,* 149 Conn. 692, 183 A. 2d 626 (1962), cert. denied, 371 U. S. 928 (1962). See footnote 25, pp. 5-6 of the *Report of the Governor's Commission to Study Sentencing in Criminal Cases,*[1] filed De-

---

1. The fact that this Judge served on the Governor's Commission which filed this Report referred to was brought to the atten-

cember 17, 1965, for a discussion of the constitutional questions presented and resolved by these cases.

Petitioner cites *Patton v. State of North Carolina,* 381 F. 2d 636, in support of his first contention; however, our Court of Appeals is "unpersuaded that *Patton* is sound." *Moon v. State,* 250 Md. 468. In any event, the fifteen year sentence imposed by the Review Panel was within the statutory limit for assault with intent to murder.

This Court finds that the statute and the procedure under which petitioner was re-sentenced is constitutional and that his first contention, as well as his second, affords no relief under the Post Conviction Procedure Act.

*ORDER*

For the foregoing reasons the relief sought by Cecil Harold Robinson under the Post Conviction Procedure Act is denied this 3rd day of June, 1969.

Shirley B. Jones
_____
Judge

tion of petitioner's counsel with the suggestion that "if petitioner and his counsel request that this proceeding be referred to another Judge" that such request should be made prior to the scheduled hearing. No such request was made and at the hearing no objection was raised to this court's hearing the matter.