COMMONWEALTH vs. MICHAEL P. CALLAHAN.

Suffolk. October 4, 1994. - January 11, 1995.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & GREANEY, JJ.

*Practice, Criminal*, Sentence, Assistance of counsel. *Rules of Criminal Procedure. Due Process of Law*, Sentence.

A criminal defendant's motion to revise his sentence pursuant to Mass. R. Crim. P. 29 (a), filed within sixty days of an order by the Appellate Division of the Superior Court increasing the sentence but more than ten months after the sentence was imposed, was not timely, inasmuch as the Appellate Division is not an "appellate court" within the meaning of rule 29 (a) [308]; moreover, had the motion been timely, the trial judge would not have had the authority to revise a sentence imposed by the Appellate Division [308-309].

A criminal defendant's constitutional rights to due process were not violated by any aspect of a hearing before the Appellate Division of the Superior Court for review of the defendant's sentence, which was conducted in accord with the provisions of G. L. c. 278, § 28B. [309]

A criminal defendant's argument was without merit that he was denied effective assistance of counsel at a hearing before the Appellate Division of the Superior Court for review of his sentence. [309-310]

INDICTMENT found and returned in the Superior Court Department on January 11, 1989.

Motions to revise and to correct sentence were heard by *James P. Donohue*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*William A. Hahn* for the defendant.

*John P. Zanini*, Assistant District Attorney, for the Commonwealth.

LYNCH, J. These appeals arise from the sentencing of the defendant following his guilty plea to a charge of armed robbery in violation of G. L. c. 265, § 17 (1992 ed.), and to

several other offenses.[1] The defendant was sentenced to from six to ten years at the Massachusetts Correctional Institution at Cedar Junction. He appealed his sentence to the Appellate Division of the Superior Court. The Appellate Division ordered that the armed robbery sentence be increased to from nine to twelve years.[2] The defendant then filed motions in the Superior Court pursuant to Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979), and Mass. R. Crim. P. 30 (a), 378 Mass. 900 (1979), seeking to revise and to correct his sentence. After denial of both motions the defendant appealed, and we transferred the case here on our own motion. We affirm.

The defendant's motion to revise his sentence, pursuant to rule 29 (a), was denied by the judge who had imposed the initial sentence of from six to ten years. The defendant claimed an appeal from this decision. The notice of appeal, however, was not accepted by the Superior Court clerk's office and was returned to the defendant with a notation stating that a direct appeal must be taken to a single justice of the Supreme Judicial Court. Thereafter the defendant filed a petition with a single justice, pursuant to G. L. c. 211, § 3 (1992 ed.), seeking an order compelling the Superior Court clerk's office to accept the appeal, or in the alternative, requesting that a single justice rule on the merits of the motion. The single justice's denial of the defendant's petition was upheld by the full court. See *Callahan* v. *Commonwealth*, 416 Mass. 1010 (1994). Following the full court's decision, the defendant refiled his notice of appeal.

While the matter was pending before the county court, the defendant filed a motion in the Superior Court to correct his sentence, pursuant to rule 30 (a). As grounds for this motion, the defendant alleged that he was denied his rights of due

---

[1]The defendant also pleaded guilty to kidnapping, robbery, larceny of a motor vehicle, receiving a stolen motor vehicle, attempt to escape, and assault with intent to rob. He received the same sentence on the other charges to run concurrently.

[2]The panel dismissed the defendant's appeal with respect to all of the charges except for armed robbery; therefore only the sentence for the armed robbery is before us on appeal.

process of law under the Fourteenth Amendment to the Constitution of the United States, and effective assistance of counsel at the sentence appeal hearing. After denial of this motion the defendant again appealed.

*Motion pursuant to Mass. R. Crim. P. 29 (a).* Rule 29 (a) requires that a defendant file his motion within sixty days after the imposition of the sentence. This sixty-day time period established in the rule is absolute and may not be extended. See Reporters' Notes to Mass. R. Crim. P. 29 (a), Mass. Ann. Laws, Rules of Criminal Procedure at 474-475 (1979); *Commonwealth* v. *Layne,* 386 Mass. 291, 295 (1982).

The defendant was sentenced on March 7, 1989, and did not file his motion to revise his sentence until January 10, 1990. The defendant argues that he comes within the portion of rule 29 (a) which provides that a motion may be filed "within sixty days after entry of any order or judgment of an appellate court denying review of, or having the effect of upholding, a judgment of conviction . . . ." He contends that his motion was timely because it was filed within sixty days of the order of the Appellate Division increasing his sentence. This argument fails because the Appellate Division is not an appellate court within the meaning of rule 29 (a). See Mass. R. A. P. 1 (c), 365 Mass. 844 (1974) (" 'appellate court' means the full Supreme Judicial Court, the full Appeals Court, or a statutory quorum of either, as the case may be, whichever court is exercising statutory jurisdiction over the case at bar"). Moreover, the rule refers to an extension of the time limit for an appellate court order which affects a "judgment of conviction." The Appellate Division of the Superior Court has authority to review a judgment only insofar as it relates to the sentence imposed. It has no authority over the judgment of conviction. See G. L. c. 278, § 28B (1992 ed.); *Commonwealth* v. *Grimshaw,* 412 Mass. 505, 513 (1992).

Furthermore, had the motion been timely, the judge would not have had the authority to revise the sentence imposed by the Appellate Division. The order of the Appellate Division is

final. See G. L. c. 278, § 28B. An appeal from a sentence is analogous to an appeal from any judgment or order in that, once a party enters an appeal, the judge issuing the order from which an appeal is taken is divested of jurisdiction to act on motions to rehear or to vacate. *Commonwealth* v. *Cronk*, 396 Mass. 194, 197 (1985). See *Norman* v. *Young*, 422 F.2d 470, 474 (10th Cir. 1970).

*Motion pursuant to Mass. R. Crim. P. 30 (a).* The defendant contends that the Appellate Division denied him due process of law and that he was not afforded effective assistance of counsel. The defendant's arguments are without merit. In this situation the defendant is entitled to the following procedural safeguards: notice of his opportunity to appeal; aid of counsel in deciding whether to appeal with its attendant risk; availability of a record and possible resort to the views of the trial judge; appearance before the tribunal with assistance of counsel; and collegial rather than individual judgment. See G. L. c. 278, § 28B; *Gavin* v. *Commonwealth*, 367 Mass. 331, 340-341 (1975). The defendant was afforded these safeguards. At the hearing, he was informed that the tribunal had the authority to dismiss his appeal, to reduce his sentence if it was excessive, or to increase his sentence if it was inadequate. The hearing was in accord with G. L. c. 278, § 28B, and it did not violate the defendant's constitutional due process rights. See *Hicks* v. *Commonwealth*, 345 Mass. 89, 91-92 (1962), cert. denied, 374 U.S. 839 (1963).

The defendant's argument that he was denied effective assistance of counsel at the sentence appeal hearing is without merit. In addressing a claim of ineffective assistance of counsel, the standard is to look at the circumstances of the case to determine whether there has been serious incompetency, inefficiency, or inattention of counsel such that counsel's behavior falls measurably below that which might be expected from an ordinary fallible lawyer. See *Commonwealth* v. *Saferian*, 366 Mass. 89, 96-97 (1974), and cases cited. The defendant argues that, during the hearing when one of the panel judges made a comment concerning the possibility of increasing the defendant's sentence, defense counsel should

have withdrawn the appeal. At the commencement of the hearing, the panel specifically informed the defendant of the possibility that his sentence could be increased. Defense counsel is not charged with predicting how the appellate panel will rule. When a defendant resorts to an appeal of his sentence, he assumes the same risks inherent in an appeal from a conviction. *Hicks* v. *Commonwealth*, *supra* at 91.

*Judgments affirmed.*