Commonwealth *v.* Hill.

COMMONWEALTH *vs.* ROYCE HILL.

No. 10-P-803.

Suffolk. December 2, 2010. - July 18, 2011.

Present: TRAINOR, KATZMANN, & RUBIN, JJ.

*Armed Home Invasion. Practice, Criminal,* Sentence, Appellate Division. *Rules of Criminal Procedure.*

This court concluded that a criminal defendant could, under Mass.R.Crim.P. 30(a), move to challenge a sentence imposed by the Appellate Division of the Superior Court Department. [808-809]

A Superior Court judge properly denied a criminal defendant's motion to correct his sentence on a charge of armed home invasion, as amended by the Appellate Division of the Superior Court Department, in which the defendant argued that he was entitled to the benefit of an amendment to the armed home invasion statute, G. L. c. 265, § 18C, that mitigated the punishment for the crime, where the amendment on which the defendant relied was enacted after the defendant was sentenced at trial. [809-810]

INDICTMENT found and returned in the Superior Court Department on November 8, 1995.

The case was tried before *Patrick F. Brady*, J., and a motion to correct sentence, filed on April 6, 2010, was considered by him.

*Robert Herrick* for the defendant.

*Kris C. Foster*, Assistant District Attorney, for the Commonwealth.

RUBIN, J. The defendant in this case was charged with one count of armed home invasion (with handgun) in violation of G. L. c. 265, § 18C; one count of robbery in violation of G. L. c. 265, § 19; two counts of rape in violation of G. L. c. 265, § 22(*b*); two counts of assault and battery in violation of G. L. c. 265, § 13A; and one count of indecent assault and battery on a person fourteen years or older in violation of G. L. c. 265, § 13H.

On March 9, 1998, after a jury trial, the defendant was convicted of all charges. That same day, the judge sentenced the defendant as follows: for armed home invasion, twenty to twenty-five years in prison; for each of the two counts of rape, nineteen to twenty years in prison, each sentence to run concurrently with the home invasion conviction; for indecent assault and battery, four to five years to be served concurrently with the home invasion conviction; and for unarmed robbery, twenty to twenty-five years in prison to run concurrently with the home invasion conviction. The remaining two convictions of assault and battery were placed on file.

On the same day, the defendant filed an appeal in the Appellate Division of the Superior Court Department, requesting review of his two concurrent sentences for rape.

On May 6, 1999, the Appellate Division amended the defendant's sentence, requiring the sentences on the rape convictions to be served consecutively to, instead of concurrently with, the armed home invasion sentence.[1] That is, the Appellate Division effectively almost doubled the defendant's term of incarceration.

While the defendant's appeal was pending before the Appellate Division, the Legislature amended the home invasion statute, G. L. c. 265, § 18C. Under that amendment, which was adopted on July 23, 1998, and went into effect on October 21, 1998, the Legislature added language to the home invasion statute that included the following:

> "Whoever commits said crime while being armed with a firearm, shotgun, rifle, machine-gun, or assault weapon shall be punished by imprisonment in the state prison for 20 years. Said sentence shall not be reduced to less than ten years nor shall the person convicted be eligible for probation, parole, furlough, work release or receive any deduction from his sentence for good conduct . . . ."

St. 1998, c. 180, § 57.

[1]The defendant does not contest the lawfulness of the Appellate Division's ordering that his sentences for rape be served consecutively to, rather than concurrently with, the home invasion sentence. Cf. *Hicks* v. *Commonwealth*, 345 Mass. 89, 91 (1962), cert. denied, 374 U.S. 839 (1963) (holding that the Appellate Division may on the defendant's appeal impose a longer sentence than the trial judge imposed without violating double jeopardy principles).

Prior to this amendment, anyone convicted of armed home invasion could have been given a State prison sentence of life or any term of not less than twenty years. Under the 1998 amendment — which was subsequently repealed by St. 2004, c. 150, § 17 — the statute created the "anomalous situation in which armed home invasion committed by means of a dangerous weapon such as a knife was punishable by life imprisonment, but the same crime committed with a far more dangerous weapon, such as a firearm or a machine gun, could not be." *Commonwealth* v. *Burton*, 450 Mass. 55, 58 (2007). Nonetheless, the legislative language was found to be clear, and the Supreme Judicial Court held that the amendment was to be applied as written. See *Commonwealth* v. *Brown*, 431 Mass. 772, 780-781 (2000). The defendant here failed to argue to the Appellate Division the applicability of the 1998 amendment.

On March 22, 2010, the defendant filed a motion pursuant to Mass.R.Crim.P. 30(a), as appearing in 435 Mass. 1501 (2001), seeking a correction of his sentence on the armed home invasion charge. In his motion, the defendant argued that the Appellate Division was bound to apply the law as it stood at the time when it considered the case. In particular, he contends that the Appellate Division should have applied what he describes as the "general rule" that a defendant may have the benefit of statutory changes mitigating the punishment for the crime he committed that are adopted while his case is pending. See *Commonwealth* v. *Vaughn*, 329 Mass. 333, 338-339 (1952). The judge denied the defendant's motion, and he has now appealed.

*Discussion.* We must first face the preliminary question whether rule 30(a) may be used to challenge a sentence imposed by the Appellate Division. Rule 30(a) provides that a prisoner may "file a written motion requesting the trial judge to . . . correct the sentence then being served upon the ground that the confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts." The defendant's contention is that his sentence for armed home invasion, which was affirmed by the Appellate Division, was an illegal sentence. This claim falls squarely within the plain language of rule 30(a). The Commonwealth notes that sentences imposed by the Appellate Division are "final." G. L. c. 278, § 28B, inserted

by St. 1943, c. 558, § 1. Rule 30(a), however, is, among other things, the ordinary mechanism for bringing collateral challenges to "final" sentences. See *Commonwealth* v. *Callahan,* 419 Mass. 306, 309-310 (1995) (considering a rule 30[a] motion brought to challenge a final sentence imposed by the Appellate Division); *Commonwealth* v. *Christian,* 429 Mass. 1022, 1023 (1999) (the purpose of rule 30[a] is not to provide an avenue of direct appellate review, but to allow defendants "to challenge the legality or the technical basis of a sentence . . . at any time").[2]

Turning to the merits, the Commonwealth argues that the Appellate Division was without authority under G. L. c. 278, § 28B, to grant the relief sought by the defendant.[3] We agree. Section 28B provides in relevant part that the Appellate Division "shall have jurisdiction to amend the judgment by ordering substituted therefor a different appropriate sentence or sentences or any other disposition of the case which could have been made at the time of the imposition of the sentence or sentences under review." Although it may not be the only possible interpretation of this provision,[4] the best reading of the statutory language is that the Appellate Division is allowed to impose only such sentences or other dispositions as could have been imposed by the sentencing court at the time the sentence or

---

[2]We express no opinion whether the defendant had available to him any alternative avenue for challenging his sentence.

[3]The Commonwealth makes an alternative argument that the 1998 amendment was a substantive partial repeal of G. L. c. 265, § 18C, and not merely procedural, and that, therefore, it did not apply to individuals whose cases were pending when it was adopted. See G. L. c. 4, § 6. See also *Nassar* v. *Commonwealth,* 341 Mass. 584, 589-590 (1961). This position, however, is not sustainable. The text of the amendment is clear in creating a new, lesser punishment for a certain class of individuals convicted of "said crime." It cannot be read to create a new, lesser crime or to repeal the existing statute, but only to impose a new, lesser sentence.

[4]For example, because the statute uses the verb "made," which ordinarily is used to modify "dispositions," but not "sentences" — which are ordinarily described as having been "imposed" or "pronounced" — one might argue that the clause "which could have been made at the time of the imposition of the sentence or sentences under review" modifies only the phrase "any other disposition of the case," rather than the entire clause that precedes it, including "appropriate sentence or sentences." This reading would, however, lead to bizarre results, as there is no apparent reason for distinguishing such "other disposition[s]" the Appellate Division may impose from "sentences" it may impose.

disposition under appeal was handed down.[5] This reading is consistent with the review process set up by the remainder of the statute, which allows the Appellate Division to review ":sentences to the state prison imposed by final judgments in criminal cases, except in any case in which a different sentence could not have been imposed." G. L. c. 278, § 28A, inserted by St. 1943, c. 558, § 1. The defendant has not argued that there is any longstanding Appellate Division construction of the statute to the contrary.

Consequently, because the amendment to G. L. c. 265, § 18C, on which the defendant would rely was enacted after the trial judge sentenced the defendant, the order denying the defendant's motion to correct sentence is affirmed.

*So ordered.*

---

[5]We note that a "disposition" made by the court necessarily includes any sentence imposed, as well as any suspended sentence, term of probation, or combination of the three.