559 P.2d 849
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Lorraine SANCHEZ, Defendant-Appellant.**

**No. 2508.**

Court of Appeals of New Mexico.

Dec. 22, 1976.

Certiorari Denied Jan. 27, 1977.

Jan Hartke, Chief Public Defender, Santa Fe, Reginald J. Storment, App. Defender, J. M. Scarborough, Espanola, Mary Jo Snyder, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Paquin M. Terrazas, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

ORDER

WOOD, Chief Judge.

Convicted of voluntary manslaughter, defendant was sentenced to serve a term of not less than seven nor more than fifteen years in the penitentiary. Defendant's notice of appeal was filed March 31, 1976.

The State moved to dismiss the appeal. A hearing on this motion was held December 22, 1976, at which counsel for the State and for the defendant appeared. The showing at this hearing was that defendant was committed to the penitentiary on March 30, 1976 and escaped from the penitentiary on September 10, 1976. Defendant's present whereabouts are unknown.

The question is whether "this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon . . . [her] pursuant to the conviction." *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

Should we rule on the merits of the appeal, our decision could not be carried out because defendant is not within the power nor under the control of this Court. There is no litigant before this Court "against whom the Court may enforce its decision." *Eisler v. United States*, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949), Frankfurter, J., dissenting. If we should affirm, there is no indication defendant would surrender to New Mexico authorities; if we should reverse and defendant should seek consideration by New Mexico courts pursuant to any such reversal, defendant would in effect be dictating the terms under which she will subject herself to New Mexico authority. In this situation, defendant is not entitled to a determination of her claims, and the appeal should be dismissed. *Molinaro v. New Jersey, supra; Allen v. State of Georgia*, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897); *United States v. Swigart*, 490 F.2d 914 (10th Cir. 1973); *Johnson v. Laird*, 432 F.2d 77 (9th Cir. 1970); *People v. Estep*, 413 Ill. 437, 109 N.E.2d 762 (1953), cert. denied, 345 U.S. 970, 73 S.Ct. 1112, 97 L.Ed. 1387 (1953), reh. denied, 346 U.S. 842, 74 S.Ct. 15, 98 L.Ed. 362 (1953). See *Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975).

In reaching this result we have not overlooked N.M.Const., Art. VI, § 2 which provides "that an aggrieved party shall have an absolute right to one appeal." She was accorded that right but, by her escape, defendant abandoned the appeal. *Allen v. State of Georgia*, supra.

The appeal is dismissed. The dismissal is effective upon entry of this Order.

HENDLEY, J., concurs.

HERNANDEZ, Judge (dissenting in part and concurring in part).

I agree that the appeal can be dismissed but am of the view that defendant should be given thirty days from the date of the filing of the State's motion in which to voluntarily submit to New Mexico authorities and if defendant does not submit, the appeal will be dismissed without further notice upon expiration of the thirty days.