612 P.2d 1317

Samuel MASCARENAS, Jr., Petitioner,

v.

STATE of New Mexico, Respondent,
(two cases).

Darrell Jean STELLY, Petitioner,

v.

STATE of New Mexico, Respondent.

Harmon Lee ELLIS, Petitioner,

v.

STATE of New Mexico, Respondent.

Nos. 12872, 12895.

Supreme Court of New Mexico.

June 26, 1980.

Martha A. Daly, App. Defender, Melanie S. Kenton, Michael Dickman, Asst. App. Defenders, Santa Fe, for petitioners.

Jeff Bingaman, Atty. Gen., Walter G. Lombardi, Asst. Atty. Gen., Santa Fe, for respondent.

## OPINION

SOSA, Chief Justice.

Defendants Mascarenas, Stelly and Ellis had appeals pending before the Court of Appeals at the time of their brief escape from the New Mexico State Penitentiary. Upon motion by the State, the court dismissed their appeals. We granted certiorari and now reverse.

Mascarenas was sentenced to the New Mexico State Penitentiary upon conviction for armed robbery and assault upon a police officer. A timely notice of appeal was entered on September 17, 1979.

Stelly was serving time in the penitentiary on a September 9, 1979 conviction for kidnapping, criminal sexual penetration and assault. He timely filed a notice of appeal on September 20, 1979.

Ellis was also in the penitentiary, and had filed a timely notice of appeal on September 19, 1979 from a previous escape conviction.

On or about December 9, 1979, while their appeals were pending, Mascarenas, Stelly and Ellis escaped from the New Mexico State Penitentiary. Mascarenas and Stelly were recaptured on the day after they escaped; Ellis was recaptured on December 20, 1979. On December 11, 1979, after Mascarenas and Stelly had been recaptured, and before Ellis was recaptured, the State filed motions to dismiss the appeals on the grounds that defendants waived their right to appeal by the act of escape. The Court of Appeals granted the motions on December 19, 1979.

The issue we are presented with is whether a prisoner who escapes from custody forfeits the right to any appeal pending at the time of escape regardless of when he is recaptured?

Two New Mexico cases have addressed the issue. In *Territory v. Trinkhouse*, 4 N.M. 300, 13 P. 341 (1887), this Court dismissed the appeal of an escaped prisoner who was apparently still at large at the time the motion was made. In *State v. Sanchez*, 90 N.M. 61, 559 P.2d 849 (1976), *cert. denied*, 90 N.M. 254, 561 P.2d 1347 (1977), the Court of Appeals dismissed the appeal of an escaped prisoner who was not recaptured over thirty days after her escape, and was not in custody at the time of the hearing on the motion to dismiss. We overrule both cases.

The Constitution of New Mexico provides that an aggrieved party shall have an absolute right to one appeal. N.M. Const. Art. VI, § 2. A person convicted of a crime does not forfeit his right to appeal simply because he has escaped from confinement. He still has a right to have his conviction reversed if he was erroneously convicted or if his constitutional rights were violated. If he is granted a new trial, that trial can always be held when he is recaptured. If his conviction is affirmed, he stands in the same position as before the appeal, but his rights have been protected as required by the New Mexico Constitution.

Regardless of the outcome of the appeal, the escapee may still be criminally liable for the act of escape. § 30–22–9, N.M.S.A.1978. Because the Legislature has already provided for the punishment of escaped prisoners, there is no need for this Court to use the forfeiture of a constitutional right as a further sanction.

The dismissals of the appeals of defendants in this case are reversed.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE and FEDERICI, JJ., concur.