866 P.2d 1172

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Billy BROWN, Defendant–Appellant.**

**No. 14421.**

Court of Appeals of New Mexico.

Sept. 14, 1993.

Certiorari Denied Dec. 10, 1993.

Tom Udall, Atty. Gen., Joel Jacobsen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Michael L. Stout, Stout & Winterbottom, Roswell, for defendant-appellant.

## OPINION

BIVINS, Judge.

Defendant appeals his conviction and sentence for kidnapping, criminal sexual penetration, and assault with intent to commit a violent felony. He raises four issues on appeal: (1) the verdicts were unsupported by sufficient evidence; (2) error was committed in seating the jury; (3) Defendant was denied effective assistance of counsel; and (4) Defendant was denied his right to appeal due to the destruction of the transcript of the trial. The State argues that the appeal should be dismissed because there is no record for this Court to review. We agree and dismiss the appeal.

In 1979, the charges against Defendant, arising from a kidnapping and assault on a woman, were tried to a jury. During jury deliberations, Defendant fled. The jury returned a verdict of guilty on three counts. However, because Defendant was not present, sentence was not pronounced. Defendant remained a fugitive from New Mexico for thirteen years. In 1988, some nine years after trial, the court reporter, while purging his files, destroyed his notes of the trial. In 1992, Defendant was found in Oregon and returned to New Mexico for sentencing. Prior to sentencing, Defendant sought a new trial because there was no longer any record of the original trial. The motion for new trial was denied and Defendant was sentenced. He timely filed his notice of appeal.

Defendant raises three issues relating to trial error, each of which would require review of the record of the trial. Defendant acknowledges that there is no record to support his issues. We have previously stated that on a doubtful or deficient record, we presume regularity and correctness in the proceedings below. *State v. Garcia*, 83 N.M. 794, 795, 498 P.2d 681, 682 (Ct.App.1972). However, where there is no record, this Court cannot review issues raised. *See State*

*v. Hall,* 103 N.M. 207, 208, 704 P.2d 461, 462 (Ct.App.1985). That leaves us with two alternatives: reversal for a new trial or dismissal of the appeal.

Defendant urges us to grant him a new trial rather than dismiss his appeal. In support of that argument, he cites two New Mexico authorities. In *State v. Moore,* 87 N.M. 412, 534 P.2d 1124 (Ct.App.1975), this Court held that the absence of a transcript through no fault of the defendant deprived the defendant of his right to appeal and warranted a new trial. The Supreme Court, in *Mascarenas v. State,* 94 N.M. 506, 612 P.2d 1317 (1980), determined that prisoners who escaped from custody during the pendency of their appeals did not forfeit their right to appeal, and that the dismissal of their appeals in that case by this Court was improper. Relying on these two cases, Defendant argues that his fugitive status did not forfeit his right to appeal and that the lack of a record from which to appeal requires a new trial.

■ We do not find that Defendant's authorities support his argument. In *Moore,* this Court stated that one of the requirements for a new trial based on lack of a record for appellate review is that the defendant be blameless for the absence of the transcript. *Moore,* 87 N.M. at 413, 534 P.2d at 1125. In *Moore,* the tapes of the proceedings below were inaudible, but no fault was assessed to anyone. Here, however, we believe that the loss of the transcript can be attributed to Defendant. The court reporter's notes of the trial were destroyed during an administrative purging of his records. The records retention schedule for the district courts in effect in 1979 required that the transcript and notes of a criminal, non-capital case be retained for five years. SRC Rule 79–13 (filed 12/15/79). The destruction of the notes of Defendant's trial took place more than nine years after the trial, while Defendant was a fugitive from the state. We believe that, but for Defendant's fugitive status, there would have been a record based on which an appeal could have been taken. We note that a factor in the *Moore* decision was that the defendant had done everything that reasonably could be expected in order to

perfect his appeal. *Moore,* 87 N.M. at 414, 534 P.2d at 1126. We cannot say that Defendant did so here. If Defendant had remained to be sentenced, his appeal would have been filed long before the court reporter purged his files. The transcript was available for nine years after the trial and if Defendant had pursued an appeal instead of fleeing, there would have been no problem with the record. We do not find that Defendant satisfied the requirements for a new trial set forth in *Moore.*

■ Likewise, *Mascarenas* does not assist Defendant. *Mascarenas* concerned defendants who had already filed notices of appeal and then escaped from custody. The Supreme Court determined that dismissal of the appeals, largely as punishment for the escapes, was not warranted. *Mascarenas,* 94 N.M. at 507, 612 P.2d at 1318. The facts of this case are different, however. Defendant escaped from custody before sentencing and before an appeal was filed. As a direct result of Defendant's escape, appellate review of his trial was made impossible. This case is not concerned with forfeiture of the right to appeal based on the mere fact of an escape from custody after an appeal has been filed. Rather, we are concerned with the *effect* of the escape on the appellate process and Defendant's responsibility for his difficulties on appeal.

■ Defendant's final argument is that he has a constitutional right to one appeal. N.M. Const. art. VI, § 2. We recognize, however, that this constitutional right may be lost through failure to follow proper procedural rules. *Olguin v. State,* 90 N.M. 303, 305, 563 P.2d 97, 99 (1977). In such cases, this Court may exercise its discretion and refuse to consider the merits of the case. We believe that what has happened in this case is akin to the failure to properly follow procedural rules. Therefore, under the specific facts of this case, we find that Defendant has lost his constitutional right to appeal.

■ As was stated in *Olguin,* procedural rules are enacted to provide for the orderly disposition of cases. *Id.* Here, Defendant, by his flight, significantly disrupted the timely and efficient administration of justice. Be-

cause of his flight, he could not be sentenced. Nor could a timely appeal be taken from the conviction. The notes of the court reporter were destroyed in accordance with applicable regulations during the time that Defendant was a fugitive. As a result, there is now no record of Defendant's trial. Defendant's long absence delayed sentencing and the onset of the appellate process. His long absence also is the reason that a transcript of the trial is no longer available. Where a defendant's misconduct at the district court level has made meaningful appeal impossible or otherwise has disrupted the appellate process, dismissal of the appeal is an appropriate sanction. *See Ortega–Rodriguez v. United States,* ___ U.S. ___, ___ ___ ___, 113 S.Ct. 1199, 1208–1209, 122 L.Ed.2d 581 (1993). The facts of this case show that Defendant's fugitive status significantly interfered with the operation of the appellate process and made meaningful appeal impossible, as well as effectively foreclosing the possibility of reprosecution. *See United States v. Parrish,* 887 F.2d 1107 (D.C.Cir.1989) (per curiam).

We hold that where a defendant's former fugitive status has significantly interfered with the operation of the appellate process, dismissal of the defendant's appeal is appropriate. While so holding, we do not overlook Defendant's right to appeal.

■ We agree that an aggrieved person has a right to one appeal. However, in addition to the direct effect of long delay on the appellate process, there are several policy reasons why, under the facts of this case, this appeal should be dismissed. A defendant who flees before sentencing shows a disrespect for the judicial process, unilaterally deciding not to respond to an unfavorable verdict. "[A] policy of declining to consider former fugitives' claims will tend to discourage escape and promote the orderly operation of the judicial processes within which defendants should press their claims." *United States v. Persico,* 853 F.2d 134, 138 (2d Cir.1988). Further, we believe that the State has an equal right to have expeditious claims of appeal made by defendants. *See People v. Iacopelli,* 141 Mich.App. 566, 367 N.W.2d 837 (1985) (per curiam). A long escape may so

delay an appeal that the State would be prejudiced in locating witnesses and presenting evidence at retrial. *See Ortega–Rodriguez,* ___ U.S. at ___, 113 S.Ct. at 1208. To allow a fugitive defendant to benefit from the delay by forcing the State to reprosecute after memories have faded and evidence has been lost is "'unconscionable'". *Parrish,* 887 F.2d at 1108 (quoting *Persico,* 853 F.2d at 138).

Here, because Defendant's fugitive status caused the administrative purging of the record of his trial, thus preventing the orderly disposition of his case, his appeal is dismissed.

Defendant has requested oral argument. This Court does not deem it necessary.

**IT IS SO ORDERED.**

ALARID and APODACA, JJ., concur.