STATE of Utah, Plaintiff and Appellee,

v.

Alex VERIKOKIDES, Defendant
and Appellant.

No. 940600.

Supreme Court of Utah.

Oct. 4, 1996.

Jan Graham, Atty. Gen., J. Frederic Voros, Jr., Asst. Atty. Gen., Thomas Vuyk, Salt Lake City, for plaintiff.

Lisa J. Remal, Ronald S. Fujino, Salt Lake City, for defendant.

DURHAM, Justice:

Defendant Alex Verikokides appeals from his conviction in third district court for rape of a child, a first degree felony, and sodomy upon a child, a first degree felony, pursuant to Utah Code Ann. § 78–2–2(3)(i) (Supp. 1995). Defendant contends that this court should vacate his conviction and order a new trial because the record of his original trial was lost during a seven-year gap between conviction and sentencing due to his fugitive status.

On October 26, 1987, a jury convicted defendant of raping and sodomizing his thirteen-year-old stepdaughter. Before the court could impose sentence, however, defendant fled to Greece. A bench warrant was issued on November 5, 1987. Seven years later, defendant was arrested in Utah and brought before the trial court on June 21, 1994.

During defendant's seven-year absence, a string of unforeseen events occurred. First, the court reporter misplaced his notes of the second day of the two-day trial. Those notes contained the testimony of many of the prosecution's witnesses, including the victim's testimony, and all of the testimony of the defense witnesses, including defendant's testimony, as well as closing arguments.[1] Second, the district court destroyed the trial exhibits in June 1992. Finally, defendant's counsel died, and his files were destroyed by his firm shortly thereafter. Thus, when defendant was caught in 1994 and taken before the district court for sentencing, the only record left of his trial was the reporter's notes of the first day of testimony and the motions filed with the court.

Before the trial court imposed sentence, defendant moved to arrest judgment on the ground that he would be deprived of a meaningful appeal because the reporter's notes of the second day of trial were "lost or destroyed," the trial exhibits had been destroyed, and his trial counsel had died. After an evidentiary hearing, the district court denied the motion and sentenced defendant

---

1. The court reporter's best recollection is that he stored his notes in a box along with the notes of another trial, which he then placed in a shed behind his home in September 1990. This box could not be found in his shed when the transcript of defendant's trial was requested in 1994.

to two consecutive minimum mandatory sentences of ten years to life. Defendant thereafter moved for a new trial, arguing that the lack of a trial transcript made appeal impossible. After an evidentiary hearing, the district court denied the motion, holding that by absconding, defendant had "waived" his right to a new trial. Defendant now appeals that ruling.

■ Defendant claims that the absence of a complete record of his trial makes any appeal illusory, thus precluding him from exercising his right to appeal guaranteed under the state constitution.[2] As a result, he argues that we must now vacate his conviction and order a new trial.

This court has recognized a constitutional right to appeal arising from article I, section 12 of the Utah Constitution.[3] *See State v. Tuttle,* 713 P.2d 703 (Utah 1985). Moreover, we have noted that the almost complete absence of a trial transcript makes appellate review impossible because it precludes a meaningful review of the lower court's decision. *Fackrell v. Fackrell,* 740 P.2d 1318, 1319–20 (Utah 1987); *State v. Taylor,* 664 P.2d 439, 447 (Utah 1983); *Sawyers v. Sawyers,* 558 P.2d 607, 608–09 (Utah 1976); *Briggs v. Holcomb,* 740 P.2d 281, 283 (Utah. Ct.App.1987); *see also State v. Menzies,* 845 P.2d 220, 241 (Utah 1992) ("[C]riminal defendants have the right to a 'record of sufficient completeness to permit proper consideration of [their] claims.'" (quoting *Draper v. Washington,* 372 U.S. 487, 499, 83 S.Ct. 774, 781, 9 L.Ed.2d 899 (1963))). This court cannot review a record that does not exist. The facts of this case, however, present a unique question: whether a defendant has forfeited his right to a meaningful appeal when his own illegal conduct caused a seven-year delay in the proceedings, thus increasing the risk that his trial transcript might be lost, that evidence and exhibits might be destroyed, and that his defense counsel might die before an appeal could be pursued, and ultimately jeopardizing the adequacy of his appeal.

Defendant argues that under our prior holding in *State v. Tuttle,* 713 P.2d 703 (Utah 1985), a court cannot refuse to reinstate an inmate's appeal as punishment for his flight. Defendant contends that refusing to grant him a new trial because his actions indirectly led to the impossibility of appellate review is tantamount to denying his appeal as punishment for his escape. We disagree.

Holding that an escape was already subject to a separate legislative punishment, this court in *Tuttle* determined that refusing to hear the appeal was an unwarranted additional sanction. *Id.* at 705. Although automatically dismissing an appeal or denying reinstatement of an appeal of a former fugitive is unconstitutional, this court's analysis in *Tuttle* does allow a criminal appeal to be dismissed or denied reinstatement if "the State can show that it has been prejudiced by the defendant's absence and the consequent lapse of time." *Id.* The instant case meets this exception.

Because of defendant's lengthy absence, at least ten years will have passed between the time that he allegedly committed the charged offenses and the time of any possible reprosecution. The victim is now a twenty-three-year-old woman living in another state. As the State notes, a jury may respond very differently to the testimony of an adult woman than it would to the same events recounted by a thirteen-year-old girl. *See State v. Lundahl,* 130 Or.App. 385, 882 P.2d 644, 647

2. Defendant attempts to identify irregularities in the trial court proceedings to demonstrate how the impossibility of appellate review in his case will prejudice his right to a fair trial. With most of the record missing, however, we cannot even begin to determine whether any possible errors resulted in any prejudice to defendant. Thus, the only issue is whether defendant has a constitutional right to a new trial whether or not any prejudice actually occurred in the original trial.

3. Article I, section 12 of the Utah Constitution provides:

In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to be confronted by the witnesses against him, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, and the right to appeal in all cases.

Utah Const. art. I, § 12.

(1994). The State might also be prejudiced in having to locate other witnesses who testified in 1987. Assuming all of the witnesses could be located, the long delay will likely compromise or diminish their ability to remember critical events. *See id.*

*Tuttle* concerned a defendant who fled after being sentenced and incarcerated. While he was absent from the jurisdiction, his appeal was dismissed. Upon his recapture, the State opposed the reinstatement of his appeal. As mentioned above, this court held that failure to reinstate the defendant's appeal as a punishment for the escape was not warranted.

The facts in the instant case are different. Unlike *Tuttle,* Mr. Verikokides's appeal became impossible partly as a result of his flight. Defendant's long absence and consequent failure to request transcription of the reporter's notes increased the risk that they would be lost or damaged by accident or inadvertence. Virtually all of defendant's trial transcript, his trial evidence and exhibits, and his counsel's records were, in fact, inadvertently lost or destroyed during the seven years he remained a fugitive. Therefore, defendant's escape contributed to the loss of opportunity for meaningful review. This case is not concerned with forfeiture of the right to appeal that is based on the sole fact of flight. Rather, we are concerned with the *effect* of defendant's absence on the appellate process and his responsibility for the difficulties of sustaining an appeal. *See State v. Brown,* 116 N.M. 705, 866 P.2d 1172, 1174 (App.1993).

Although it is true that defendant's flight did not directly cause the loss of the records, his lengthy absence greatly increased the risk and indeed the likelihood that records would be lost or destroyed. That risk, given human nature and the vagaries of document storage, increased steadily with the passage of time. Defendant's flight, therefore, indirectly resulted in the impossibility of appellate review.

In most circumstances, where the reporter's notes are lost or a transcript is incomplete or missing, the prosecution and defense counsel are required, pursuant to Utah Rule of Appellate Procedure 11(g), to hold a reconstruction hearing and attempt to produce a settled statement to stand in place of the incomplete or missing transcript for appeal purposes. In this case, a reconstruction hearing probably would have been possible at any time up until defendant's counsel died. Had defendant or his counsel acted vigilantly, the loss could have been discovered earlier and a reconstruction hearing could have been held before defense counsel died, before the trial exhibits and defense counsel's files were destroyed, and before memories faded.[4] *See Emig v. Hayward,* 703 P.2d 1043, 1049 (Utah 1985) (denying defendant's request for rehearing when defendant's own conduct caused nineteen-month delay during which reporter's notes were lost).

Many courts in other jurisdictions have also denied a defendant's request for a new trial when his absence has resulted in the loss or destruction of records. In *Brown,* 866 P.2d at 1173, which is factually very similar to this case, the New Mexico Court of Appeals dismissed a defendant's appeal because, but for the delay due to the defendant's flight, the transcript would not have been destroyed.[5] In *People v. Valdez,* 137 Cal.App.3d 21, 187 Cal.Rptr. 65, 69 (1982), the California Court of Appeals held, "But for [the defendant's] culpable misconduct in fleeing the jurisdiction, his appeal would have been processed and a transcript prepared long before the authorized destruction of the notes." *See also People v. Everett,* 224 Cal. App.3d 932, 274 Cal.Rptr. 429 (1990); *Bel-*

---

4. We also note that defendant's counsel could have easily requested a transcript pursuant to Utah Code Ann. § 78–56–2 after his client's conviction and subsequent flight, thus preserving the record for a potential appeal.

5. Like Utah's constitution, New Mexico's constitution also guarantees a right to appeal:

Appeals from a judgment of the district court imposing a sentence of death or life imprison-ment shall be taken directly to the supreme court. In all other cases, criminal and civil, the supreme court shall exercise appellate jurisdiction as may be provided by law; provided that an aggrieved party shall *have an absolute right to one appeal.*

N.M. Const. art. VI, § 2 (emphasis added) (as amended September 28, 1965).

**1258**

*lows v. State,* 110 Nev. 289, 871 P.2d 340 (1994); *State v. Jones,* 71 Ohio St.3d 293, 643 N.E.2d 547 (1994); *State v. Lundahl,* 130 Or.App. 385, 882 P.2d 644 (1994).

These courts have relied on the rationale that convicted criminals should not be rewarded for fleeing the jurisdiction before sentencing. Granting a new trial in these circumstances would encourage flight on the part of convicted criminals. Defendant's flight from this jurisdiction—an act which demonstrated contempt and disrespect for the judicial system—should not become an excuse for the convicted to begin the process anew at great cost to the state and the crime victim. Defendants have a responsibility to be vigilant in preserving their appeal rights.

This court's denial of defendant's request for a new trial is not a sanction or punishment for his flight but is an unavoidable result of his long absence from the jurisdiction. In *Tuttle,* we noted the possibility that a criminal appeal right might be lost if "the State can show that it has been prejudiced by the defendant's absence and the consequent lapse of time." 713 P.2d at 705. That circumstance is present here, and defendant must bear the consequence of his illegal acts. We affirm.

ZIMMERMAN, C.J., STEWART, Associate C.J., and HOWE and RUSSON, JJ., concur.