**STATE of Utah, Plaintiff and Appellee,**

v.

**Ronald MORELLO, Defendant and Appellant.**

No. 950821–CA.

Court of Appeals of Utah.

Oct. 31, 1996.

Joseph C. Fratto, Jr., Salt Lake City, for Appellant.

Jan Graham and J. Frederic Voros, Jr., Salt Lake City, for Appellee.

Before ORME, JACKSON and WILKINS, JJ.

## OPINION

WILKINS, Judge:

Defendant Ronald Morello appeals the trial court's order denying defendant's motion to withdraw his guilty plea. Defendant was convicted in 1983 of aggravated robbery, a first degree felony in violation of Utah Code Ann. § 76–6–302 (1978). We affirm.

## BACKGROUND

In April 1982, defendant robbed the O.C. Tanner jewelry store in downtown Salt Lake City. In May 1983, defendant pleaded guilty to aggravated robbery. In connection with the plea, defendant, his counsel, the prosecuting attorney, and the court executed and entered an Affidavit of Defendant, which included the charge to which defendant was pleading guilty, facts and elements underlying that charge, defendant's constitutional rights, and a statement that defendant's plea was freely and voluntarily made. Defendant was sentenced to an indeterminate prison term of five years to life. The court ordered the sentence to run concurrently with a federal sentence defendant was already serving.

After defendant completed his federal prison sentence, he was returned to the Utah State Prison. Defendant claims that he expected the Utah Board of Pardons to be satisfied with his term in federal prison and to parole him at or near the termination of his federal sentence. Instead, the board held a parole hearing, set a parole date of 2008, and imposed restitution of $66,000 as a condition of parole. Defendant responded in March 1995 with a motion to withdraw the guilty plea he had made nearly twelve years earlier.

The trial court held a hearing in August 1995. The court records contained a signed copy of the Affidavit of Defendant, but the reporter's notes of the 1983 hearing no longer existed, apparently having been destroyed by the court clerk's office during the intervening twelve years. Consequently, no transcript of the initial proceedings could be produced. In addition, no other evidence was presented at the 1995 hearing regarding the defendant's colloquy with the initial trial court concerning defendant's decision to plead guilty. The trial court denied defendant's motion, concluding the Affidavit of Defendant sufficiently evidenced that the initial trial court complied with the requirements of Rule 11 of the Utah Rules of Criminal Procedure for taking a guilty plea. Defendant appeals.

## STANDARD OF REVIEW

We review the trial court's denial of defendant's motion to withdraw his guilty plea under an abuse of discretion standard. *State v. Blair*, 868 P.2d 802, 805 (Utah 1993). However, "[t]he trial court's findings of fact made in conjunction with its decision will not be set aside unless they are clearly erroneous." *Id.*

## ANALYSIS

■ Defendant's motion to withdraw his guilty plea was filed nearly twelve years after he entered his guilty plea. No transcript of the initial hearing was ever prepared, and by 1995 the reporter's notes had been lost or destroyed. These notes contained the judge's colloquy with defendant regarding defendant's decision to plead guilty. Defendant argues that because the transcript of the initial hearing is unavailable, it is impossible to determine whether the initial trial court complied with Rule 11 of the Utah Rules of Criminal Procedure when it accepted defendant's guilty plea. Therefore, defendant contends the trial court must conclude the requirements of Rule 11 have not been met, and that the court abused its discretion by denying defendant's motion to withdraw his guilty plea. We disagree.

The Utah Supreme Court addressed a similar problem in *Emig v. Hayward*, 703 P.2d 1043 (Utah 1985). In *Emig*, the defendant was arrested in July 1982 and held in custody under the extradition statute. *Id.* at 1045. A hearing was held in November 1982 on the defendant's petition for a writ of habeas corpus, which the court denied. *Id.* Soon afterwards, the defendant filed his notice of ap-

peal, but then sought six extensions of time to file his appellate brief. In March 1984, the matter came up for dismissal for failure to prosecute the appeal. *Id.* at 1045–46. At that time, the defendant, for the first time, contacted the court reporter, who informed him that she was unable to locate the notes of the November 1982 habeas hearing. *Id.* at 1046. Pursuant to provisions of the Utah Rules of Civil Procedure then in effect, a settled statement of facts was prepared and approved for use in the appeal. *See* Utah R.Civ.P. 75(m) (repealed with adoption of Utah Rules of Appellate Procedure and reenacted as Utah R.App.P. 11(g)). The defendant then appealed, claiming the loss of the reporter's notes and the inadequate procedures for settling the record effectively denied him his constitutional right to appeal the trial court's judgment. *Emig,* 703 P.2d at 1048.

The Utah Supreme Court found the defendant's argument to be "without merit." *Id.* The court acknowledged that it was unclear whether the delay between the habeas hearing and the record reconstruction hearing was due to the reporter's failure to inform the defendant's counsel that the notes had been lost or due to the defendant's failure to inquire after the transcript. *Id.* Nevertheless, the court noted that the defendant had requested six extensions of time to file his appellate brief, and reasoned:

> Had [the defendant] or his counsel acted vigilantly, the loss could have been discovered earlier and the reconstruction hearing held much closer in time to the initial hearing, thus reducing the likelihood of memory loss. Under these circumstances, [the defendant] and his counsel must take responsibility for any difficulties arising from reconstruction of the record more than a year and a half after it was originally made.

*Id.* at 1048–49.

Recently, the Utah Supreme Court again made a similar ruling. *See State v. Verikokides,* 925 P.2d 1255 (Utah 1996). In *Verikokides,* where records, including key portions of the trial transcript, were lost during the defendant's seven-year flight following his conviction, the court stated:

> Although it is true that defendant's flight did not cause the loss of the records,

his lengthy absence greatly increased the risk and indeed the likelihood that records would be lost or destroyed. That risk, given human nature and the vagaries of document storage, increased steadily with the passage of time. Defendant's flight, therefore, indirectly resulted in the impossibility of appellate review.

*Id.* at 1257.

We apply the same standard to this case. The delay caused by defendant's inactivity was not just a year and a half, as in *Emig,* or even seven years, as in *Verikokides,* but twelve years, and defendant has not suggested any reason why he was unable to file his motion before March 1995. Therefore, defendant bears the risk of loss during the period of delay. The actual *cause* of the loss of the reporter's notes, and therefore the transcript of defendant's colloquy with the trial judge regarding his decision to plead guilty, makes no difference. As in *Emig,* the loss would have been prevented, or at least discovered earlier, had defendant moved sooner to set aside his plea, as the law now requires. *See* Utah Code Ann. § 77–13–6(2)(b) (1995) ("A request to withdraw a plea of guilty ... shall be made within 30 days after entry of the plea."). The likelihood of accurately reconstructing the record of the colloquy would have been much greater had the loss of the reporter's notes been discovered while the participants' memories were still fresh.

In addition, defendant failed to allege in his motion to withdraw his guilty plea that his colloquy with the trial court was materially and fatally defective in any specific circumstance. Defendant merely asserts that because the record of the colloquy is missing, he should be able to withdraw his guilty plea. Defendant's assertion seems to advance the following argument: When the record of the colloquy is missing, defendant's burden to prove defects in the colloquy shifts to the State, who then instead has to prove an absence of defects in the colloquy. Because it would be impossible for the State to meet this burden, adopting defendant's argument would result in a per se rule requiring the court to grant a motion to withdraw a guilty plea on the sole basis that the transcript of the colloquy is unavailable.

To place the burden on the State to prove compliance, when no transcript is available due to defendant's delay, is unreasonable. Such a rule would require this court, and the trial court hearing the motion to withdraw, to presume irregularity in the prior proceedings. However, we do not presume error simply because the record is unavailable. *See Emig,* 703 P.2d at 1049 (noting, where court held that defendant bore risk of lost record, that defendant "ha[d] made no showing that the reconstruction procedure was defective or that the settled statement would have been any different had the hearing been held earlier"); *State v. Russell,* 917 P.2d 557, 559 (Utah App.1996) (affirming conviction and denying request for new trial based on two-hour gap in record because defendant had not shown court that specific error occurred and that missing record was critical to resolution of case). If defendant had supplied the trial court with an affidavit or other evidence suggesting a specific fatal error occurred during his colloquy with the court, we may have reached a different result. However, under the circumstances, where defendant has made no showing that the colloquy was defective and simply relies on the absence of any evidence, defendant bears the risk of the loss of the transcript and the resultant consequences. *See Emig,* 703 P.2d at 1049.

## CONCLUSION

Defendant is not entitled to withdraw his guilty plea merely because the transcript of his colloquy with the trial court regarding his decision to plead guilty is unavailable. Defendant bore the risk that the record would no longer be available when he waited nearly twelve years to file his motion. In addition, we will not assume the record, if available, would reveal reversible error when defendant has not alleged any specific error occurred during the colloquy. We therefore affirm the trial court's denial of defendant's motion to withdraw his guilty plea.

Affirmed.

ORME, P.J., and JACKSON, J., concur.