**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 5 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ALEX VERIKOKIDIS,

      Petitioner - Appellant,

v.

HENRY GALETKA, Warden, Draper
Facility, Utah State Prison,

      Respondent - Appellee.

No. 01-4203
(D.C. No. 00-CV-535-ST)
(District of Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

---

Alex Verikokidis, a Utah state prisoner, seeks a certificate of appealability

("COA") pursuant to 28 U.S.C. § 2253(c) to challenge the district court's

dismissal of his petition for a writ of habeas corpus as time-barred under 28

U.S.C. § 2244(d). We conclude that    Verikokidis's petition is time-barred, deny a

COA, and dismiss.

---

[*] The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The Court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

On October 26, 1987, Verikokidis was convicted of raping and sodomizing his thirteen-year-old stepdaughter, but he fled to Greece before he was sentenced by the state court. Approximately seven years later, on September 22, 1994, he was arrested in Utah and sentenced to two consecutive minimum mandatory prison terms of ten years to life. After the Utah Supreme Court affirmed Verikokidis's conviction on October 4, 1996, he filed a federal habeas petition pursuant to 28 U.S.C. § 2254 on November 15, 1996. That petition was dismissed without prejudice on February 25, 1997.

Verikokidis then filed a petition for state post-conviction relief on July 11, 1997, which was dismissed by the state district court on January 15, 1998. The dismissal was affirmed by the Utah Court of Appeals, and the Utah Supreme Court denied his petition for a writ of certiorari on January 13, 1999. During the appeal of his state post-conviction petition, Verikokidis filed another state petition for extraordinary relief. That petition was dismissed with prejudice on October 26, 1998, and the dismissal was not appealed. A second federal habeas petition pursuant to 28 U.S.C. § 2254 was filed on July 10, 2000, and was dismissed by the district court as time-barred on August 30, 2001.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), prisoners generally have one year from the date on which their convictions become final to petition for federal habeas corpus relief. 28 U.S.C.

§ 2244(d)(1). A conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A).

In his application for a COA and opening brief, Verikokidis argues that applying the AEDPA period of limitation to his case violates the Ex Post Facto Clause of the United States Constitution [1] because he was convicted prior to the enactment of AEDPA. The Ex Post Facto Clause is only applicable when a law retrospectively alters the definition of criminal conduct or increases the punishment for the crime. See Lynce v. Mathis, 519 U.S. 433, 441 (1997). The application of AEDPA to Verikokidis's petition does not implicate either of these problems. Because he filed his second petition for habeas corpus relief after the enactment of AEDPA, the AEDPA period of limitation applies to his case. Williams v. Taylor, 529 U.S. 420, 429 (2000).

Verikokidis further argues that the "loss of trial transcript, loss of trial attorney and a subsequent hired attorney by untimely death" delayed the filing of this habeas petition. Because he is proceeding pro se, we liberally construe his argument as a claim that the one-year period of limitation should be equitably tolled. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (allowing pro se complaints to be construed liberally). The one-year period of limitation is subject to equitable tolling in extraordinary circumstances. See Miller v. Marr, 141 F.3d

---

[1] U.S. Const. art. I, § 10, cl. 1.

976, 978 (10th Cir. 1998). If Verikokidis's failure to file his petition in a timely manner was caused by extraordinary circumstances beyond his control, equitable tolling would be available. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001); see also Calderon v. United States Dist. Court, 163 F.3d 530, 541 (9th Cir. 1998). All of the "rare and exceptional circumstances" that Verikokidis points to occurred between his conviction and sentencing. There was a seven-year delay between these two events caused by Verikokidis's fugitive status. As the Supreme Court of Utah noted in one of Verikokidis's appeals,

> Although it is true that defendant's flight did not directly cause the loss of the records, his lengthy absence greatly increased the risk and indeed the likelihood that records would be lost or destroyed. That risk, given human nature and the vagaries of document storage, increased steadily with the passage of time. Defendant's flight, therefore, indirectly resulted in the impossibility of appellate review.

State v. Verikokidis, 925 P.2d 1255, 1257 (Utah 1996). Verikokidis's action contributed to the circumstances that he now claims have limited his ability to file a habeas petition in a timely manner, and we conclude that he is not entitled to equitable tolling.

The Utah Supreme Court affirmed his conviction on October 4, 1996. Because he did not file a petition for writ of certiorari with the United States Supreme Court, his conviction became final ninety days later, on January 2, 1997, "after the time for filing a petition for certiorari with the Supreme Court ha[d]

passed." Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999); see also Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).

After his conviction became final, Verikokidis filed for state post-conviction relief. This petition was pending in the Utah state courts from July 11, 1997, to January 13, 1999. Because the period of limitation is tolled for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2), the period of limitation was tolled from July 11, 1997, to January 13, 1999. On January 14, 1999, he had 175 remaining days to file his § 2254 petition, so his petition was due by July 7, 1999. The petition, however, was not filed until July 10, 2000, which was over one year too late. We therefore conclude that Verikokidis's § 2254 petition is time-barred.

The application for a COA is **DENIED** and this matter is **DISMISSED**. Verikokidis has also submitted a motion for a new trial, a motion requesting a D.N.A. test, and a motion for submit for decision. All three of these motions are **DENIED**.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge

-5-