This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                      **No. 33,652**

**DORA SCHULTZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Santa Fe, NM

Josephine H. Ford, Assistant Appellant Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**FRY, Judge.**

{1}     Defendant has appealed from a conviction for DWI. We previously issued a notice of proposed summary disposition in which we proposed to uphold the

conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

{2}     Because the pertinent background information and applicable principles were previously set out in the notice of proposed summary disposition, we will avoid unnecessary repetition here, and instead focus on the content of the memorandum in opposition.

{3}     By her first and second issues Defendant renews her challenge to the sufficiency of the evidence to support her conviction. [MIO 17-21] As we previously observed, the State's evidence that Defendant displayed numerous indicia of intoxication, [MIO 17] together with the officer's testimony that Defendant clearly and repeatedly refused to submit to breath-alcohol testing after he read the implied consent advisory, [MIO 20] supply ample support for the conviction. In her memorandum in opposition Defendant focuses on conflicting evidence and countervailing inferences which might have been drawn. [MIO 17-21] "However, as a reviewing court, we do not reweigh the evidence or attempt to draw alternative inferences from the evidence." *State v. Estrada*, 2001-NMCA-034, ¶ 41, 130 N.M. 358, 24 P.3d 793; *see State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 (observing that "the evidence is not to be reviewed with a divide-and-conquer mentality . . . [ and w]e do not reweigh the evidence or substitute

our judgment for that of the jury"). We therefore remain unpersuaded by Defendant's assertion of error.

{4} By her third and final issue Defendant renews her argument that the trial court should have declared a mistrial after the jury heard testimony that Defendant's license was suspended. [MIO 21-23] Insofar as the objectionable testimony was not intentionally elicited, and insofar as Defendant does not appear to have requested a mistrial, we proposed to hold that the district court's curative instruction was an adequate remedy. *See generally State v. Newman*, 1989-NMCA-086, ¶ 19, 109 N.M. 263, 784 P.2d 1006 (observing that "[g]enerally, a prompt admonition from the court to the jury to disregard and not consider inadmissable evidence sufficiently cures any prejudicial effect which might otherwise result," and rejecting a suggestion that the court should instead declare a mistrial sua sponte). In her memorandum in opposition Defendant suggests that a mistrial might have been requested in the course of an inaudible sidebar. [MIO 21] We are not inclined to indulge the speculation. *See generally State v. Vasquez*, 2010-NMCA-041, ¶ 25, 148 N.M. 202, 232 P.3d 438 ("It is [the d]efendant's obligation to demonstrate that she preserved the issue below."); *State v. Brown*, 1993-NMCA-120, ¶ 3, 116 N.M. 705, 866 P.2d 1172 ("[O]n a doubtful or deficient record, we presume regularity and correctness in the proceedings below."); *State v. Hoxsie*, 1984-NMSC-027, ¶ 4, 101 N.M. 7, 677 P.2d 620 (observing

that the appellant has the burden of providing a record sufficient to justify reversal), *overruled on other grounds by Gallegos v. Citizens Ins. Agency*, 1989-NMSC-055, 108 N.M. 722, 779 P.2d 99). Moreover, even if Defendant requested a mistrial, the election to issue a curative instruction was well within the district court's discretion. *See generally State v. Samora*, 2013-NMSC-038, ¶ 22, 307 P.3d 328 (observing that the denial of a motion for mistrial is reviewed for abuse of discretion, and with respect to inadvertent remarks made by witnesses, generally an offer to give a curative instruction is sufficient to cure any prejudicial effect). In her memorandum in opposition we understand Defendant to suggest that the objectionable testimony was not inadvertently elicited, based on the prosecutor's repetition of the question, "what happened next," and the officer's response that he "ran the license plate . . . on the vehicle." [MIO 22] However, as we previously observed in the notice of proposed summary disposition, it seems clear that the prosecutor's line of inquiry was simply intended to elicit a description of the chain of events leading from the initiation of the traffic stop to the field sobriety testing and ensuing arrest. The question itself did not invite either comment upon the status of Defendant's license or the vehicle registration. Insofar as the judge had issued a curative instruction, the prosecutor had reason to believe that the witness would move on. We therefore reject Defendant's suggestion that the prosecutor intentionally elicited the testimony in question, and we

conclude that the authority upon which Defendant relies, *State v. Ruiz*, 2003-NMCA-069, 133 N.M. 717, 68 P.3d 957, is inapposite. We therefore remain unpersuaded that the district court erred.

{5}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{6}     **IT IS SO ORDERED.**

 

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**M. MONICA ZAMORA, Judge**