This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                  **NO. 34,474**

**PETER YANKE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CIBOLA COUNTY**
**Camille Martinez Olguin, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}      Defendant Peter Yanke (Defendant) appeals from his jury trial conviction for

fraud. [DS 1, RP 253–55] In this Court's notice of proposed disposition, we proposed to affirm the district court's denial of Defendant's motion. [CN 1] Defendant filed a memorandum in opposition. We have given due consideration to the memorandum in opposition, and remaining unpersuaded, we affirm.

{2}     Defendant continues to argue in his memorandum in opposition that the district court erred in denying his motion to dismiss, because Defendant was unable to present evidence of his remedial actions to the grand jury. [MIO 3] In this Court's notice proposing to affirm, we noted that a petit jury's finding of guilt beyond a reasonable doubt rendered harmless any conceivable error in the charging decision. *See State v. Bent*, 2012-NMSC-038, ¶ 27, 289 P.3d 1225; *see also Herrera v. Sanchez*, 2014-NMSC-018, ¶ 10, 328 P.3d 1176 ("Whichever avenue the target pursues, such challenges should be raised before trial because a petit jury's finding at trial of guilt beyond a reasonable doubt typically will moot any post-conviction challenges to the grand jury's determination of probable cause."). [CN 2]

{3}     Defendant has also moved this Court to amend his docketing statement pursuant to Rule 12-210(D)(3) NMRA to add a second issue: "trial counsel failed to provide effective assistance of counsel when he neglected to appeal the district court's denial of Mr. Yanke's motion to dismiss the indictment." [MIO 7] The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing

statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730. For the reasons that follow, we deny Defendant's motion to amend the docketing statement on the ground that the issue raised is not a viable appellate issue.

{4}      Defendant asserts that trial counsel provided him with ineffective assistance of counsel. Specifically, Defendant asserts trial counsel failed to timely appeal the district court's denial of Defendant's motion to dismiss the indictment. [MIO 7–11] Defendant asserts trial counsel's deficient performance in failing to appeal is evidenced by his later efforts to introduce Defendant's remedial measures as a defense at trial. [MIO 9] We understand Defendant to argue trial counsel sought to have the remedial measure evidence presented at trial, because trial counsel was aware of its importance to Defendant's defense. Thus, Defendant asserts, trial counsel should have been aware of the importance of appealing the denial of his motion to dismiss the indictment, so the remedial measure evidence could have been presented to the grand jury. [MIO 9–10] Beyond Defendant's contention that trial counsel should have known to appeal the denial of his motion to dismiss, Defendant does not point to any

facts in the record demonstrating how trial counsel's performance was deficient. Where evidence supporting an ineffective assistance of counsel claim is not contained in the record, "an ineffective assistance claim is more properly brought through a habeas corpus petition[.]" *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61; *see also State v. Brown*, 1993-NMCA-120, ¶ 3, 116 N.M. 705, 866 P.2d 1172 ("[O]n a doubtful or deficient record, we presume regularity and correctness in the proceedings below."). We therefore conclude Defendant's ineffective assistance of counsel claim is not viable and deny his motion to amend his docketing statement.

{5}    Because Defendant has failed to demonstrate how error at the grand jury stage was not rendered harmless by his conviction at trial and that his post-conviction challenge is not moot, we affirm.

{6}    **IT IS SO ORDERED.**


_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**



_____

4

**CYNTHIA A. FRY, Judge**