Johnny K. AHTUANGARUAK,
Appellant,

v.

STATE of Alaska, Appellee.

No. A–3704.

Court of Appeals of Alaska.

Nov. 8, 1991.

Margi Mock, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Leroy K. Latta, Jr., Asst. Dist. Atty., Mary Anne Henry, Acting Dist. Atty., Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Johnny K. Ahtuangaruak was charged with driving while intoxicated, AS 28.35.-030(a)(1) and (2). He asked the district court to suppress the results of the breath test that had been administered to him following his arrest. District Court Judge Martha Beckwith denied Ahtuangaruak's motion. Following this ruling, Ahtuangaruak consented to a bench trial on stipulated facts; he was convicted. Ahtuangaruak now appeals, renewing his argument that the district court should have suppressed the breath test results. We reverse Ahtuangaruak's conviction.

Under AS 28.35.031(a), Ahtuangaruak's arrest for driving while intoxicated obliged him to submit to a chemical test or tests of his breath. Under *Gundersen v. Anchorage*, 792 P.2d 673 (Alaska 1990), and *Anchorage v. Serrano*, 649 P.2d 256 (Alaska App.1982), Ahtuangaruak's decision to submit to chemical testing of his breath gave him a due process right to independent testing of the breath test result. *Gundersen* and *Serrano* allow the government at least two different methods of honoring this right: (1) preserving a breath sample for later testing, or (2) offering the arrestee assistance in obtaining an independent breath or blood test. *Gundersen*, 792 P.2d at 676–77; *Serrano*, 649 P.2d at 258 n. 5.[1]

---

1. We note that the blood test which law enforcement agencies may offer to arrestees to satisfy the demands of due process is conceptually distinct from the blood test that may be procured under the arrestee's statutory right to an independent chemical test granted by AS 28.35.-033(e). This statutory right to an independent test would exist even if law enforcement agencies decided to meet due process concerns by preserving a second breath sample. However, the police have no duty to advise an arrestee of the statutory right to an independent test, *Palmer v. State*, 604 P.2d 1106, 1110 (Alaska 1979), and the statutory right is forfeited if the arrestee

Since the time of the decisions in *Gundersen* and *Serrano*, law enforcement agencies in this state have generally chosen not to preserve a second breath sample for later testing; instead, police agencies have adopted the practice of offering arrestees assistance in obtaining a blood test. When the arrestee has chosen either to take advantage of this offer or to waive the right to the independent test, the arresting officer has the arrestee sign a document confirming this choice.

■ The officer who arrested Ahtuangaruak attempted to apprise him of his right to an independent blood test, but he encountered a problem: Ahtuangaruak had only minimal ability to speak and understand English. Despite the officer's lengthy attempt to explain the blood test option to Ahtuangaruak, Ahtuangaruak did not understand what the officer was saying to him and he therefore refused to sign the document.

In his pre-trial suppression motion, Ahtuangaruak argued that his inability to understand the officer meant that he had been deprived of a meaningful opportunity to exercise the right granted by *Gundersen* and *Serrano* to obtain independent testing of the Intoximeter result. The State countered that Ahtuangaruak understood English better than he was willing to admit.

After taking evidence on this issue, Judge Beckwith found that Ahtuangaruak's ability to understand and communicate in English was extremely limited and that, consequently, Ahtuangaruak had not understood the officer's explanation of Ahtuangaruak's right to an independent test. Nevertheless, Judge Beckwith ruled that the government's obligation under *Gundersen* and *Serrano* was only to make reasonable efforts to offer an independent chemical test to an arrestee. She concluded that this obligation had been satisfied in

Ahtuangaruak's case for two reasons: (1) the arresting officer had made a good faith, reasonable attempt to explain the right to an independent blood test to Ahtuangaruak, and (2) the officer had allowed Ahtuangaruak to telephone both a relative and the Public Defender Agency in an attempt to find someone who could explain the test to Ahtuangaruak.

The district court's ruling appears to be foreclosed by the Alaska Supreme Court's decision in *Gundersen.* An arrestee's waiver of the right to an independent test "is valid only if it is knowingly and intelligently made". *Gundersen*, 792 P.2d at 677.

In *Gundersen*, the Alaska Supreme Court expressly recognized that a person was entitled to seek suppression of the breath test results on the ground that he (or she) was too intoxicated to know what he was doing when he gave up the right to an independent chemical test. 792 P.2d at 677. Ahtuangaruak's case presents an analogous problem. Some persons arrested for driving while intoxicated will have such a poor grasp of English that they will be unable to make a knowing and intelligent decision regarding their right to an independent chemical test if that right is explained solely in English. The district court found that Ahtuangaruak fell into this category. Thus, Ahtuangaruak was never given a meaningful opportunity to exercise his right to an independent chemical test.

By choosing to comply with *Gundersen* and *Serrano* by offering an independent blood test instead of preserving a breath sample, the government runs the risk that it will be barred from introducing evidence of the Intoximeter result if the arrestee, because of intoxication, a language barrier, or any other reason, fails to acquire a basic understanding of the right to an independent test. When this happens, the due

does not assert it. *Gundersen v. Anchorage*, 762 P.2d 104, 110–11 (Alaska 1988).

Our decision in this case is addressed only to blood tests offered by police agencies to satisfy the requirement of due process.

process clause of Article I, Section 7 of the Alaska Constitution, as construed in *Gundersen*, requires suppression of the breath test result.

The judgement of the district court is REVERSED.