**Danny P. SHADLE, Appellant,**

v.

**MUNICIPALITY OF ANCHORAGE,**
**Appellee.**

**No. A–6127.**

Court of Appeals of Alaska.

July 11, 1997.

Richard D. Kibby, Anchorage, for Appellant.

Pamela Dale, Assistant Municipal Prosecutor, Carmen E. ClarkWeeks, Municipal Prosecutor, and Mary K. Hughes, Municipal Attorney, Anchorage, for Appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

*OPINION*

MANNHEIMER, Judge.

Danny P. Shadle was arrested for driving while intoxicated (DWI), Anchorage Municipal Code 9.28.020(A), and was given a breath test; his blood-alcohol level was .227 percent, more than twice the legal limit. Shadle signed a form indicating that he did not wish an independent chemical test. The question in this appeal is whether Shadle's waiver of the independent test was knowing.

■ A defendant who is arrested for DWI and submits to a police-initiated breath test is entitled to demand an independent breath or blood test. *See Gundersen v. Municipality of Anchorage,* 792 P.2d 673 (Alaska 1990); *Ahtuangaruak v. State,* 820 P.2d 310 (Alaska App.1991). Shadle suffers from a severe hearing impairment. He contends that, because of this hearing impairment, he never

acquired a basic understanding of his right to an independent chemical test, and therefore his purported waiver of a second test was invalid. *See Ahtuangaruak,* 820 P.2d at 311–12. Because of this, Shadle asserts, the district court should have suppressed the results of the breath test.

District Judge Sigurd E. Murphy held a hearing at which the Municipality and Shadle introduced evidence concerning Shadle's general ability to hear and communicate, as well as audio recordings of Shadle's conversation with the police during his DWI processing and Shadle's conversation with the magistrate during his arraignment. Based on this evidence, Judge Murphy found that Shadle had possessed a basic understanding of his right to an independent test when he signed the waiver of a second test. Concluding that Shadle had knowingly waived the independent test, Judge Murphy denied Shadle's suppression motion.

On appeal, Shadle disputes Judge Murphy's conclusion that he knowingly waived an independent test. Normally, our task on appeal would be to review the trial court record and decide whether Judge Murphy was or was not clearly erroneous in finding that Shadle understood his right to an independent test. *Wilburn v. State,* 816 P.2d 907, 911 (Alaska App.1991). In Shadle's case, however, our task is complicated by the fact that we are unable to review the tape recording of Shadle's DWI processing.

The tape disappeared sometime after Judge Murphy reviewed it when deciding Shadle's suppression motion. The parties and the trial court clerk's office have undertaken extensive efforts to find the tape, but without success. It appears that the Municipality either lost or inadvertently destroyed the tape after Judge Murphy issued his ruling on Shadle's suppression motion.

Having ascertained that the tape could not be found, Judge Murphy held a hearing to see if it was possible to reconstruct the evidence on the missing tape. At the conclusion of that hearing, the Municipality conceded that it would be impossible to reconstruct the tape.

Judge Murphy declared that his decision to deny Shadle's suppression motion was based "almost entirely" on the evidence contained in the missing tape. We thus view the tape as crucial to any meaningful review of Judge Murphy's ruling.

Shadle is entitled to appellate review of the district court's ruling. That can not occur unless this court possesses a sufficiently complete record of the lower court's proceedings to allow meaningful review.

■ When there is no electronic record of the pertinent lower court proceedings, or when that record is missing or destroyed, the Alaska appellate rules provide various mechanisms for reconstructing the record. *See* Appellate Rules 210(b)(8), 210(i), and 211. However, when the missing record can not be adequately reconstructed to allow meaningful appellate review of the defendant's claims of error, the lower court's decision must be reversed and the defendant must receive a new hearing or trial. *Blasco v. State,* 680 So.2d 1052 (Fla.App.1996); *State v. Taylor,* 664 P.2d 439, 447 (Utah 1983); *State v. McFarland,* 287 N.W.2d 162, 164 (Iowa 1980); *Commonwealth v. Harris,* 376 Mass. 74, 379 N.E.2d 1073, 1075–76 (1978).[1]

■ The Municipality's negligent loss of the tape has denied Shadle meaningful appellate review of the district court's suppression ruling. We therefore must reverse that ruling.

---

**1.** *But see State v. Verikokides,* 925 P.2d 1255 (Utah 1996); *State v. Brown,* 116 N.M. 705, 866 P.2d 1172, 1174 (App.1993); *People v. Valdez,* 137 Cal.App.3d 21, 187 Cal.Rptr. 65, 69 (1982) (denying relief when the absence of an adequate record is attributable to the defendant's misconduct).

For example, the defendant in *Verikokides* was convicted of rape and sodomy, but he fled the jurisdiction before sentencing; he was not recaptured for seven years. During the intervening seven years, the trial court record and exhibits were lost or destroyed, and reconstruction of the record was rendered close to impossible because the defendant's trial counsel died. The Utah Supreme Court held that, even though the record was not adequate to allow meaningful review of the defendant's trial, the defendant was not entitled to relief, since the inadequacy of the record was the "consequence of his illegal acts". 925 P.2d at 1258.

The Municipality does not argue that the district court's ruling, if erroneous, was harmless error. Accordingly, the judgement of the district court is REVERSED.