NOTICE

*The text of this opinion can be corrected before the opinion is published in the* <u>*Pacific Reporter*</u>*. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.gov*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

JAMES CLARKE,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-14169
Trial Court No. 3KN-10-00805 CR

O P I N I O N

No. 2810 — July 25, 2025

Appeal from the Superior Court, Third Judicial District, Palmer, Kristen C. Stohler, Judge.

Appearances: Nate Crowley, Attorney at Law, San Diego, California, under contract with the Public Defender Agency, and Terrence Haas, Public Defender, Anchorage, for the Appellant. RuthAnne Beach, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Treg R. Taylor, Attorney General, Juneau, for the Appellee.

Before: Allard, Chief Judge, and Harbison and Terrell, Judges.

Judge ALLARD.

In 2011, James Clarke pleaded guilty to third-degree misconduct involving a controlled substance and third-degree sexual abuse of a minor.[1] At the disposition hearing for his eighth petition to revoke probation (PTRP), Clarke admitted that he failed to report to his probation officer. The superior court accepted his admission. After listening to the parties' sentencing arguments, the court stated that it would issue a written disposition after reviewing the court file. Two days later and outside of Clarke's presence, the court issued a written order imposing the remainder of Clarke's suspended time.

Clarke now appeals, arguing that, by imposing his sentence outside his presence, the superior court violated his right to be present at the pronouncement of sentence as guaranteed by Alaska Criminal Rule 38(a) and the United States and Alaska Constitutions. Clarke also contends that the sentence imposed was clearly mistaken.

We agree with Clarke that imposing his probation revocation sentence in writing violated Criminal Rule 38(a), and that this error was not harmless beyond a reasonable doubt. Accordingly, we remand this case to the superior court for a new disposition hearing to reconsider Clarke's sentence and to impose that sentence in his presence. Because we remand for resentencing, we do not reach Clarke's claim that his sentence was clearly mistaken.

*Background facts and proceedings*

Clarke was initially charged with twenty-one counts stemming from allegations that he sexually assaulted his fourteen-year-old step-granddaughter and possessed methamphetamine, drug paraphernalia, and stolen guns.

---

[1] Former AS 11.71.030(a)(1) (2010) and former AS 11.41.438(a) (2010), respectively.

Clarke pleaded guilty to one count each of third-degree misconduct involving a controlled substance and third-degree sexual abuse of a minor,[2] and the State dismissed the remaining charges. The superior court sentenced Clarke to a composite sentence of 10 years with 7 years and 9 months suspended (2 years and 3 months to serve) and 10 years of probation.

Between 2012 and 2020, the superior court revoked Clarke's probation seven times and collectively imposed 2 years and 190 days of Clarke's suspended time.[3] Clarke's prior violations included numerous failures to report, multiple instances of illegal drug use, and residing in a dwelling with a person under eighteen years old without approval of his probation officer.

The State filed its eighth PTRP — the petition underlying the present appeal — in July 2021. The petition alleged that Clarke failed to report to his probation officer as directed and failed to maintain his sex offender registration. At the adjudication hearing, Clarke admitted to the allegation that he failed to report and the State withdrew the remaining allegation. The superior court proceeded at this same hearing with open sentencing.

The State requested that the court terminate Clarke's probation and impose all remaining suspended time (approximately 5 years and 3 months). Clarke also asked the court to terminate his probation, but to impose just 6 months of his suspended time, noting that his violation was relatively minor and that his health was declining. Clarke argued that he was no longer a threat to the public because he was in poor health and no longer mobile; he used a wheelchair, had an inhaler and a defibrillator, was missing most of the fingers on one hand, had only one lung, was

---

[2]　Former AS 11.71.030(a)(1) (2010) and former AS 11.41.438(a) (2010), respectively.

[3]　After granting the first seven PTRPs, the court imposed the following sentences: 30 days, 90 days, 1 year, 30 days, 30 days, 1 year, and 10 days, respectively.

experiencing heart failure and blood clots, and had one leg that might need to be amputated. Clarke admitted that he was "difficult to supervise," but argued that the court needed to focus on reaffirming societal norms and achieving "some level of deterrence" when imposing his sentence, which did not require imposing all of his remaining suspended time.

After hearing these sentencing arguments, the court informed the parties that it needed more time to review Clarke's case and that a written order would follow. Neither party objected to the court's planned course of action.

Two days later, the court issued a written disposition revoking Clarke's probation and imposing the remainder of his suspended time. In its order, the court found that Clarke was not amenable to probation and that the primary sentencing goals in Clarke's case were isolation, deterrence, and community condemnation based on his current and past misconduct.

Clarke now appeals.

*Why we conclude that Alaska Criminal Rule 38(a) guarantees Clarke's right to be present at the imposition of sentence in a probation revocation proceeding*

Clarke argues that his right to be present during the pronouncement of his sentence was violated when the court announced his sentence in a written order outside his presence. He asserts that this right is guaranteed by the due process[4] and confrontation[5] clauses of the United States and Alaska Constitutions and by Alaska Criminal Rule 38(a). We find it unnecessary to address Clarke's constitutional claims because this matter is squarely controlled by the terms of Criminal Rule 38(a).

---

[4]    U.S. Const. amend. XIV, § 1; Alaska Const. art. I, § 7.

[5]    U.S. Const. amend. VI; Alaska Const. art. I, § 11.

We begin by noting that this Court has previously addressed this issue in two unpublished decisions, *Welty v. State*[6] and *Davis v. State*.[7] In both decisions, we found that Criminal Rule 38(a) requires a judge presiding over a probation disposition hearing to orally pronounce the sentence on the record and in the defendant's presence.[8] We reach the same conclusion in the present matter, and we publish this decision to provide binding guidance for trial court judges.[9]

In *Welty*, the court went on record without Welty or his attorney present, revoked Welty's probation, and imposed 1 year and 6 months of suspended time.[10] We reversed, concluding that "Criminal Rules 32(a) and 38(a) require the defendant's presence at sentencing."[11] In *Davis*, the court held a disposition hearing with Davis present, but delayed pronouncing the sentence until after the hearing, issuing a written order instead.[12] We concluded that "by sentencing Davis in a written disposition order,

---

[6] *Welty v. State*, 1991 WL 11650704 (Alaska App. Apr. 17, 1997) (unpublished).

[7] *Davis v. State*, 2018 WL 6119900 (Alaska App. Nov. 21, 2018) (unpublished).

[8] *Welty*, 1991 WL 11650704, at *1; *Davis*, 2018 WL 6119900, at *2.

[9] As the State points out, Clarke did not object to the court's decision to issue a written order outside his presence. We therefore resolve this case as a matter of plain error. *See Adams v. State*, 261 P.3d 758, 764 (Alaska 2011). "Plain error is an error that (1) was not the result of intelligent waiver or a tactical decision not to object; (2) was obvious; (3) affected substantial rights; and (4) was prejudicial." *Id.* "A constitutional violation will always affect substantial rights and will be prejudicial unless the State proves that it was harmless beyond a reasonable doubt." *Id.* at 773. We have reviewed the record and conclude that the error was obvious and Clarke's failure to object was not a tactical decision. Accordingly, our analysis will focus on whether the State has met its burden of showing the error was harmless beyond a reasonable doubt.

[10] *Welty*, 1991 WL 11650704, at *1.

[11] *Id.*

[12] *Davis*, 2018 WL 6119900, at *2.

the judge violated Alaska Criminal Rule 38(a). Under this rule, a felony defendant must be present when the court imposes sentence for a violation of probation."[13]

The State acknowledges our decision in *Davis*, but argues that it is not persuasive because the case involved a prior version of Criminal Rule 38(a), which contained different language.

Prior to its amendment in 2017, Alaska Criminal Rule 38(a) provided:

> (a) **Presence: Required.** The defendant shall be present at the arraignment, at the preliminary hearing, at the time of plea, at the omnibus hearing, and at every stage of the trial, including the impaneling of the jury and return of the verdict, and at the imposition of sentence, except as otherwise provided in this rule.[14]

In 2017, Criminal Rule 38(a) was amended, removing "imposition of sentence" and adding language referencing both "sentencing hearing[s]" in general as well as hearings "on an adjudication or disposition for a [PTRP]" in particular. The current rule provides:

> (a) **Presence Required.** A defendant charged with a felony offense shall be present at a felony first appearance, an arraignment, any hearing where evidence will be presented, a change of plea hearing, at every stage of trial, including the impaneling of the jury and return of the verdict, at a sentencing hearing, and at a hearing on an adjudication or disposition for a petition to revoke probation.
>
> (1) The defendant shall be physically present for every hearing at which evidence will be presented and all stages of the trial including the impaneling of the jury and return of the verdict; but
>
> (2) The defendant may elect to be present by telephone or by videoconference at any other proceeding, subject to the approval of the court.[15]

---

[13]  *Id.*

[14]  SCO 157 (effective Feb. 15, 1973).

[15]  SCO 1914 (effective Oct. 16, 2017).

The proper interpretation of a court rule is a question of law that we decide *de novo*.[16] We interpret court rules using the same interpretative principles and canons of construction that we use to interpret statutes.[17] That is, we start with the text and its plain meaning, but we also consider the rule's purpose and legislative history so as to "give effect to the legislature's intent, with due regard for the meaning the . . . language conveys to others."[18] "We apply a 'sliding-scale approach' to interpreting the language and resolving any ambiguities: '[T]he plainer the . . . language is, the more convincing the evidence of contrary legislative purpose or intent must be.'"[19]

Here, the plain language of the rule supports our conclusion that the supreme court intended to ensure that the defendant is present when a sentence is imposed at a "disposition" hearing in a probation revocation proceeding. Although the word "disposition" is not defined in the criminal rules, it generally refers to proceedings that are not deemed strictly criminal, but which involve restrictions on liberty, such as

---

[16] *State v. Estate of Powell*, 563 P.3d 50, 56 (Alaska 2025) (citing *Cora G. v. State, Dep't of Health & Soc. Servs.*, 461 P.3d 1265, 1276 (Alaska 2020)).

[17] *Id.* at 57.

[18] *Id.* (quoting *State v. Planned Parenthood of the Great Nw.*, 436 P.3d 984, 992 (Alaska 2019)). We note that the references to "legislative history" and "legislative intent" refer to situations where the Alaska Legislature is exercising its authority to amend court rules pursuant to Article IV, Section 15 of the Alaska Constitution. When the court rule at issue is instead promulgated by the Alaska Supreme Court, we construe the court rule in a manner designed to effectuate the supreme court's intent, and we look to "legislative history" materials such as commentary prepared by the court rules committee that initially promulgated the rule and memoranda and committee minutes available in the court rules attorney's file for the supreme court order that enacted the language at issue. *See, e.g.*, *State v. Sears*, 553 P.2d 907, 910-11 (Alaska 1976); *Jackson v. State*, 926 P.2d 1180, 1187 (Alaska App. 1996) (noting that Jackson's interpretation of an appellate rule was "problematic" because it was contrary to the intent of the Alaska Supreme Court, "the promulgators of the rule").

[19] *Estate of Powell*, 563 P.3d at 57 (quoting *Planned Parenthood of the Great Nw.*, 436 P.3d at 992).

probation revocations and juvenile sentencings.[20] Moreover, the term "disposition" is generally described as including the imposition of a sentence.[21] Indeed, it would be an unusual use of the word "disposition" if the term "disposition hearing" was construed to mean a hearing that does not require the court to actually reach, on record, a disposition of the matter before it.

The State argues that the replacement of the term, "at the imposition of sentence," with the new term, "at a sentencing hearing," was intended to clarify that the defendant must be present at the "sentencing hearing" but does not necessarily have to be present during the actual imposition of sentence. But the State points to nothing in the rule history to support its theory that the amendment was made to limit the circumstances when a defendant must be present during their sentencing. Nor would interpreting the rule in this manner be consistent with its underlying purpose. Criminal Rule 38(a) is intended, in large part, to codify a defendant's constitutional right to be present at all critical stages of a criminal prosecution.[22] If the intent of the amendment

---

[20] *See* Alaska Delinq. R. 2(g) (defining "disposition hearing" as "a proceeding, analogous to a sentencing hearing in a criminal case, in which the court determines the appropriate disposition of a juvenile who has been adjudicated a delinquent").

[21] *See, e.g.*, *Shaw v. State*, 673 P.2d 781, 786 (Alaska App. 1983) ("When we used the terms 'sentence' and 'sentencing' in *Sawyer* [*v. State*, 663 P.2d 230 (Alaska App. 1983)], we were obviously referring to a disposition hearing during which the trial court reviews the crime and the defendant's participation in it, evaluates the presence report and selects an appropriate disposition."); *Commonwealth v. Hill*, 950 N.E.2d 458, 461 n.5 (Mass. App. 2011) ("We note that a 'disposition' made by the court necessarily includes any sentence imposed, as well as any suspended sentence, term of probation, or combination of the three."); *see also* "Disposition," Black's Law Dictionary (12th ed. 2024) ("a final settlement or determination").

[22] *See Taylor v. State*, 977 P.2d 123, 126 (Alaska App. 1999) ("With certain exceptions not pertinent here, Criminal Rule 38(a) requires a defendant's presence 'at every stage of the trial.'").

was to *eliminate* a defendant's right to be present at the imposition of sentence, one would expect clear rule history to that effect.

We have reviewed the court rules attorney's history file for Supreme Court Order No. 1914, and nothing in it supports the State's contention that the 2017 amendment to Criminal Rule 38(a) permits judges to impose a probation revocation sentence outside a defendant's presence. Indeed, the available materials support the conclusion that the rule requires the probationer's presence at imposition of any sentence, including a sentence in a disposition hearing on a petition to revoke probation. The rule history indicates that a defendant's presence at probation hearings was discussed in the committee meetings and that the Alaska Supreme Court ultimately added the words, "at a hearing on an adjudication or disposition for a petition to revoke probation," to the final rule.[23]

For these reasons, we conclude that Criminal Rule 38(a) required the superior court to impose Clarke's sentence in his presence, and that it erred in doing so through a written order outside his presence.

*Why we conclude that the superior court's violation of Alaska Criminal Rule 38(a) was not harmless beyond a reasonable doubt*

Because Alaska Criminal Rule 38(a) "protects a right of 'constitutional dimension,'" violations are assessed using the "harmless beyond a reasonable doubt" standard, under which the State bears the burden of showing that the error was

---

[23] Minutes of Criminal Rules Committee, at 10 (Jan. 12, 2015); Minutes of Criminal Rules Committee, at 15 (Nov. 20, 2015); *see also* Alternative to Revised PJ Comprehensive Appearance Proposal, at 1 (May 2016) (for consideration at the June 10, 2016 Criminal Rules Committee meeting) ("A defendant charged with a felony or with violating the defendant's probation on a felony conviction shall be present for all court proceedings in the case."); Consent-Based Comprehensive Appearance Proposal with Waiver, at 2-3 (for consideration at the June 10, 2016 Criminal Rules Committee meeting) (listing "the adjudication or disposition hearing on a petition to revoke" as among the proceedings for which a felony defendant may not waive their presence).

harmless.[24] This remains true even in those situations where Criminal Rule 38(a) has expanded a defendant's right to be present beyond what is required by the federal or state constitutions.[25]

The State argues that any error in imposing sentence outside Clarke's presence was harmless beyond a reasonable doubt because Clarke was present during the substantive part of the sentencing hearing and he was able to make his allocution in person. We agree that reversal would clearly be required if Clarke had been denied his right to an in-person allocution, but we are not convinced that, because Clarke was able to allocute in person, he was not prejudiced by what occurred here.[26]

As we have previously explained, a defendant's right to be present at sentencing is intended to promote "the perception and reality of fairness in the trial process."[27] In *Henry v. State*, we emphasized the importance of face-to-face interaction between the criminal defendant and the sentencing judge.[28] We also recognized that it

---

[24] *See Henry v. State*, 861 P.2d 582, 593 n.7 (Alaska App. 1993) (citing and quoting *Dolchok v. State*, 639 P.2d 277, 285-86 & n.19 (Alaska 1982)); *see also Meyer v. State*, 627 P.2d 636, 639 (Alaska 1981) (applying the harmless beyond a reasonable doubt standard to violations of Criminal Rule 38); *State v. Hannagan*, 559 P.2d 1059, 1065 (Alaska 1977) (same).

[25] *See Dolchok*, 639 P.2d at 285 & n.19 (declining to find that defendant's absence from in-chambers conference rose to the level of constitutional violation, but still applying the stricter constitutional standard for harmlessness); *Raphael v. State*, 994 P.2d 1004, 1011 n.30, 1013 (Alaska 2000) (declining to address whether violation of Rule 38(a) also violated federal constitutional right, but applying harmless beyond a reasonable doubt standard).

[26] *See Henry*, 861 P.2d at 594 (holding that a defendant allocuting telephonically, rather than in person, violated Rule 38(a) and that this error was not harmless beyond a reasonable doubt).

[27] *Dixon v. State*, 553 P.3d 1273, 1277 (Alaska App. 2024) (quoting *Raphael*, 994 P.2d at 1012).

[28] *Henry*, 861 P.2d at 594.

"may be advantageous to the defendant if the judge faces him while meting out punishment."[29]

On appeal, Clarke argues that trial judges should have to look the defendant in the eye when they impose the sentence. According to Clarke, judges might impose harsher sentences if they could impose sentences *in absentia*, and there is therefore an intangible but appreciable effect on a judge's sentencing decision when it has to be imposed in person. Clarke argues that the in-person contact was particularly important in his case because the superior court was able to sentence him to a lengthy term of imprisonment without having to directly confront Clarke's physical disabilities and the reasons why his defense attorney argued for a much shorter sentence.

Clarke also argues that there were errors in the superior court's sentencing remarks that could have been corrected if Clarke or his attorney had been present. For example, the superior court appears to have been under the impression that Clarke's sixth petition to revoke probation involved a conviction for a new crime (theft), but the record suggests that those charges were dismissed. Clarke also claims that the sentencing court misunderstood one of his attorney's sentencing arguments, and he asserts that any confusion regarding that argument could have been clarified if Clarke and his attorney had been present.

As a general matter, a violation of a defendant's right to be present is not harmless beyond a reasonable doubt if the defendant's presence might have made a difference to the outcome.[30] Because we cannot say on the record before us that Clarke's presence would have had no impact on the superior court's sentence, we conclude that the sentence must be vacated and the case remanded for a resentencing.

---

[29] *Id.* (quoting *Tookak v. State*, 680 P.2d 509, 511 (Alaska App. 1984)).

[30] *Raphael*, 994 P.2d at 1013.

*Conclusion*

Clarke's sentence is VACATED and this case is REMANDED to the superior court to conduct a new disposition hearing and to sentence Clarke in person.